# Oliphant *against* Smith.

The act of the 2d of April 1822, relating to the erection of dams in the Youghiogheny river is not retrospective in its operation, so as to apply to dams previously erected under the authority of the 23d of March 1809.

ERROR to the common pleas of *Westmoreland* county.

Oliphant and Duncan against Joseph Smith. The plaintiffs brought this action to recover compensation for a loss sustained by them by the sinking of their boat, containing merchandise, &c. at the defendant's dam on the Youghiogheny river, alleging that the dam was a nuisance and the occasion of the loss.

The only question in this court was, whether the act of the 2d of April 1822, was retrospective in its operation, so as to apply to dams previously erected under the authority of the act of the 23d of March 1803.

The court below (White, president) ruled this point in favour of the defendant.

*H. D. Foster* and *Findlay*, for plaintiffs in error.
*Beaver* and *Alexander*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The act of the 13th April 1782, sect. 4, 2 *Smith's Laws* 43, declares the rivers Youghiogheny and Monongahela, so far up as they had been, or could be made navigable for rafts, boats, and canoes, and within the limits of this state to be public highways.

VI.—3 G

[Oliphant v. Smith.]

The act of the 23d of March 1803, authorizes all persons owning lands adjoining any navigable stream, declared by law a public highway, except the rivers Delaware, Lehigh and Schuylkill, to erect a dam or dams, for a mill or mills, or other water works upon any such stream of water adjoining their own lands, and to keep the same in good repair, and also, to lead off thereby on his, or their own land, so much of the water of such stream, as may be necessary for his or their mill or mills, or other water works: provided they, in erecting the said dams or keeping them in repair, should not obstruct or impede the navigation of such stream, &c.

By the act of March 26th, 1821, sect. 34, five thousand dollars was appropriated for the purpose of improving the navigation of the Youghiogeny river, from Connelsville to its mouth, and William L. Miller, Samuel Rankin, and Alexander Plumer, were appointed commissioners, to lay out the same to the best advantage, who were to give bond and security.

The act of April 2d, 1822, sect. 4, declares, that from and after the passage of this act, all, and every person or persons owning, or who may hereafter own lands adjoining the Conemaugh, Kiskiminitas, and Youghiogeny rivers, are hereby authorized, and it shall and may be lawful for them, to construct, erect, support and maintain dams or dykes across the said rivers, provided, that the person or persons, erecting such dams or dykes, shall at all times, keep, support and maintain a race or canal, at least sixteen feet wide, with a lock or locks if necessary, the gates of which, shall not be less than one hundred feet apart, which lock or locks shall be effectually supplied with water for boat and canal navigation, out of, and from the water of the said rivers, in such manner, as that boats and canoes may pass along, and through the same *both* ascending and descending with as much ease, and as little impediment to the navigation, as if the said dams had not been erected; and provided further, that the person or persons, erecting dams as aforesaid, shall construct and maintain a *slope at least eighty feet wide*, and two feet below the summit level of the dams, over a convenient part of the said dams, for the passage of rafts descending the said rivers, and that the said slope shall have an inclined plane of six feet for every part of the said dam, above the ordinary level of the water on the said rivers.

Sect. 5th. If the said dams or dykes shall be found to obstruct the navigation of the said rivers, upon complaint thereof being made to the court of quarter sessions of the proper county, the said court shall appoint proper persons to view the same, and on report being made of the existence of such obstructions, if either the party complaining, or the person or persons owning such dam, shall object to the said report, the said court upon the application of either party, shall direct an issue to be tried by a jury, and if the verdict of the said jury shall establish the fact of the existence of

[Oliphant v. Smith.]

such obstruction, the said court shall proceed to direct the removal thereof, at the cost and charge of the owner or owners thereof.

I do not perceive any thing in the act of April 2d, 1822, which authorizes us to give it a retrospective operation, so as to apply to dams previously erected under the authority of the act of the 23d of March 1803. The words of the act of 1822 are prospective, referring to dams thereafter to be erected: nor is it to be supposed, without clear and positive language, that the legislature meant to impair rights before given, and to repeal privileges, under which parties had been induced to make improvements and expend money. More especially, as under the act of the 26th of March 1821, commissioners had examined the defendant's dam among others, and altered it, so as in their judgment to secure the rights of the public in the navigation of the stream. The principles laid down by the president of the court below in his charge, seem to us, in general to be correct.

Judgment affirmed.