542 A.2d 1027

COMMONWEALTH of Pennsylvania

v.

Benjamin HARVEY, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 9, 1987.

Filed June 1, 1988.

Stanton M. Lacks, Philadelphia, for appellant.

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA and POPOVICH, JJ.

ROWLEY, Judge:

This is an appeal from a judgment of sentence of four to ten years imprisonment imposed following appellant's conviction by a jury of rape. The primary [1] issue to be resolved is whether the five year statute of limitations for rape, 42 Pa.C.S. § 5552(b), should be applied where the statute of limitations in effect when the crime occurred was a two

---

1. Appellant also raises on appeal four claims of ineffective assistance of trial counsel: 1) counsel failed to call the appellant as a witness on his own behalf; 2) counsel failed to call any character witnesses; 3) counsel failed to investigate or call any witnesses; and 4) counsel failed to object to hearsay statements of one Erin Randolph. The trial court has adequately discussed and correctly decided the first, second, and fourth issues, and therefore we will not address them.

As to the third claim of ineffectiveness, we are unable to discern how it differs in any regard from the second issue. In neither the post-trial motions nor anywhere in the brief on appeal does appellant indicate the identity of the witnesses who were not investigated or called nor whether they were available to testify nor to what they would have testified. Furthermore, although counsel mentioned at the hearing one witness other than a character witness of whom he was aware, there was no evidence presented concerning the substance of the witness' testimony, and whether the witness was available and willing to testify. Therefore, to the extent that this third issue is the same as appellant's second ineffectiveness claim, we dispose of it on the basis of the trial court's opinion on the second claim of ineffectiveness. To the extent that it is a separate issue, we find no merit to it based upon *Commonwealth v. Torres*, 329 Pa Super. 58, 477 A.2d 1350 (1984).

292

year period, but where a five year statute of limitations became effective before the two year period expired. We hold that it applies, and we affirm the judgment of sentence.

Between 1976 and July 1981, appellant lived with his girlfriend and the girlfriend's daughter, the victim herein. On numerous occasions during the period that appellant lived with the victim, and ending in May or July of 1981 when the victim was eleven years old, the appellant had sexual intercourse with the victim. At this time a two-year statute of limitations for rape was in effect, thereby requiring the prosecution to be commenced no later than July, 1983. 42 Pa.C.S. § 5552(a). However, effective July, 1982, before the two year period expired, the period within which a prosecution for rape had to be commenced was lengthened to five years. 42 Pa.C.S. § 5552(b). In May, 1984, after the two-year period had expired, but still within the five year period, the police were first notified of the crime and appellant was charged with rape, statutory rape, corruption of minors, and involuntary deviate sexual intercourse. He was subsequently acquitted by a jury of the involuntary deviate sexual intercourse charge, but found guilty of all the other charges.

Appellant filed timely post-trial motions, and new counsel was appointed to pursue claims of ineffective assistance of trial counsel. Consequently, amended post-trial motions were filed, and an evidentiary hearing on the ineffective assistance of counsel issues was held. Thereafter, the trial court granted an arrest of judgment as to the statutory rape and corruption of minors convictions, but denied the remaining post-trial motions. Following sentencing, appellant brought the instant appeal.

On appeal, appellant argues that the prosecution for rape was barred by the two-year statute of limitations for rape in effect when the rape occurred despite the enactment, after the rape was committed but before the two year statute of limitations expired, of a new five year statute of limitations within which the present action was commenced.

Appellant contends that the panel decision in *Common-wealth v. Baysore*, 349 Pa.Super. 345, 503 A.2d 33 (1986), which held, under facts substantially similar to those in this case, that the five year statute of limitations did not apply, is controlling here. Argument before the court en banc was scheduled on this issue. For the reasons which follow we overrule *Baysore* and conclude that the five year statute of limitations applies to a crime committed less than two years before the enactment of the five year statute even though the prosecution was not commenced until after the former period of limitation had expired.

In *Baysore*, as in the present case, a two year statute of limitations was in effect on the date the crime was committed. 42 Pa.C.S. § 5552(a). However, in both cases, before commencement of the prosecution was barred by expiration of the two year period of limitations, the legislature amended the statute of limitations to provide for a five year period of limitations. Act of May 13, 1982, P.L. 417, No. 122 § 1 [current version at 42 Pa.C.S. § 5552(b)] (hereafter, Act 122). This amendment did not state whether it was to be applied retroactively, but simply provided that it was to become effective in 60 days. Act 122 provided in relevant part that "a prosecution for [rape] must be commenced within five years after it is committed."

The panel in *Baysore* noted that the statute itself was silent as to its retroactive application. However, the court also observed that in at least one other statute, the legislature had expressly provided for retroactive application by stating this Act "shall take effect immediately and shall be retroactive to...." See: Act of December 20, 1982, P.L. 1409, No. 326, § 404. Relying upon the statutory rule of construction that a statute shall not be given retroactive application unless "clearly and manifestly so intended by the General Assembly,", 1 Pa.C.S. § 1926, the panel in *Baysore* held that the legislature did not clearly and manifestly intend for Act 122 to be applied retroactively to crimes occurring before its enactment.

When interpreting a statute, our primary objective is to ascertain and effectuate the intention of the legislature giving full effect to each word of the statute if at all possible. 1 Pa.C.S. §§ 1921(a), 1922(2); *Allstate Insurance Co. v. Heffner,* 491 Pa. 447, 421 A.2d 629 (1980); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.,* 317 Pa.Super. 497, 464 A.2d 431 (1983). While we recognize the rule of construction regarding retroactivity set forth in 1 Pa.C.S. § 1926, and relied upon by the panel in *Baysore,* we find it to be inapplicable to either *Baysore* or the present case because it is clear from the words of the statute itself that the legislature intended for the new period of limitations to apply to cases such as the present one. Following the analysis of Judge Hester, expressed in his Concurring Memorandum accompanying the unpublished panel decision in this case, we also conclude that such application is not a *retroactive* application but a prospective one.[2]

In the present case, the precise terms of the five year statute of limitations are that "a prosecution for [rape] must be commenced within five years after it is committed." Act 122. Thus, by the express terms of the statute, the action or thing to which the new five year period applies is the *commencement of a prosecution.* The Act addresses the validity of prosecutions commenced after its effective

---

**2.** Although appellant argues that *U.S. v. Richardson,* 512 F.2d 105 (3rd Cir.1975) leads to a different result, we do not find *Richardson* to be applicable here. Not only did *Richardson* involve the interpretation and application of a different statute, but the statute involved was one promulgated by a different legislative body than that which adopted the statute in question in the present case. Therefore resolution of the essential question of the intent of the legislative body in *Richardson* could not be controlling in the present case which involved a different legislature. Moreover, *Richardson* is not binding authority for this court to follow because it is precedent from a different jurisdiction.

We also find the reliance in the Dissenting Opinion on *Commonwealth v. Story,* 497 Pa. 273, 440 A.2d 488 (1981) to be misplaced. *Story* involved the question of the application of a 1978 sentencing statute to a conviction following a re-trial in 1979 for a murder which had occurred in 1974. Not only was the statute in question a different one than the one involved in the present case, but more importantly, the statute in *Story* was not a statute of limitations but a sentencing statute.

date and is not directed toward protection of those committing crimes before the effective date of the Act. Because in this case the prosecution had not been commenced when Act 122 became effective, but under the prior statute of limitations, the Commonwealth was not yet barred from beginning the prosecution, Act 122 applied *prospectively* to extend the period in which the Commonwealth could still commence the prosecution.

■ This interpretation is in accord with the rule of construction codified in 1 Pa.C.S. § 1975. Section 1975 applies specifically to statutes of limitation, unlike the rule of construction codified at 1 Pa.C.S. § 1926 and relied upon by the court in *Baysore*. It provides that when a new period of limitations is enacted, and the prior period of limitations has not yet expired, in the absence of language in the statute to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations. Applying § 1975 to the present case simply means that the time from when the rape occurred in May or July, 1981, until Act 122 became effective in July 1982, shall be included in computing the five year period in which the action had to be commenced. Nowhere does § 1975 suggest that this provision for tacking on time accrued under a prior period of limitations should be considered as a retroactive application of a new statute of limitations. Rather, it applies to all statutes of limitation, regardless of whether they are to be applied retroactively, unless there is express language in the statute making § 1975 inapplicable.

Moreover, our interpretation of Act 122, that it applies prospectively to all prosecutions not yet commenced in which the Commonwealth's right to commence the prosecution has not yet expired, is further supported by the language of a subsequent amendment to 42 Pa.C.S. § 5552(b). By Act of December 20, 1982, P.L. 1409, No. 326 § 403 (hereafter, Act 326), the legislature provided:

Except as provided in section 404, the amendments to 42 Pa.C.S. Ch. 55 (relating to limitations of time), effected by

this act, shall apply only to *causes of action which accrue* after the effective date of this act. (Emphasis added.)

The language of Act 326 clearly makes that amendment to the statute of limitations applicable not to all prosecutions commenced after its effective date, but only to prosecutions for crimes committed after its effective date. This language demonstrates that the legislature knew how to distinguish between addressing the validity of a prosecution commenced at a particular time, and providing for the protection of crimes committed after a particular time. Had the legislature in Act 122 provided for the protection of those committing crimes after a particular date, then for the Act to be applicable on the facts of the present case would require a retroactive application. However, such is not the case here.

■ That the legislature has the authority to promulgate a statute of limitations applicable only to the commencement of prosecutions and thereby increase the period during which the prosecution may be commenced after the crime has been committed is beyond cavil. As early as 1881, the Pennsylvania Supreme Court stated:

At the time the Act of 1877 was passed, the defendant was not free from conviction by force of the two years' limitation of the Act of 1860. He therefore had acquired no *right* to an acquittal on that ground. Now an act of limitation is an act of grace purely on the part of the legislature. Especially is this the case in the matter of criminal prosecutions. The state makes no *contract* with criminals, at the time of the passage of an act of limitation, that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are a measure of public policy only. They are entirely subject to the mere will of the legislative power, and may be changed or repealed altogether, as that power may see fit to declare. Such being the character of this kind of legislation, we hold that in any case where a right to acquittal has not been absolutely acquired by

the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against *ex post facto* laws. (Emphasis in original).

*Commonwealth v. Duffy*, 96 Pa. 506, 514 (1881).

■ Furthermore, as noted by appellant, this case is distinguishable from those cases in which the prior statute of limitations has run before the new statute of limitations becomes effective. Case law is clear that in those situations, the cause of action has expired, and the new statute of limitations cannot serve to revive it. See *Redenz by Redenz v. Rosenberg*, 360 Pa.Super. 430, 520 A.2d 883 (1987); *Lewis v. City of Philadelphia*, 360 Pa.Super. 412, 520 A.2d 874 (1987); *Clark v. Jeter*, 358 Pa.Super. 550, 518 A.2d 276 (1986); *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 508 A.2d 330 (1986); *Commonwealth v. Guimento*, 341 Pa.Super. 95, 491 A.2d 166 (1985). In the present case, the appellant had not obtained a complete defense of the statute of limitations by the time the new statute of limitations became effective, and the prosecution by the Commonwealth was not yet time-barred. Therefore, the legislature acted within its authority when it extended the period within which the prosecution had to be commenced.

For the reasons set forth in the forgoing opinion, we hold that by its own terms, Act 122 applies prospectively to any prosecution commenced after its effective date on a cause of action which has not already expired regardless of whether the crime for which the prosecution is commenced occurred prior to or after the effective date of the Act. To the extent that *Baysore* holds that Act 122 does not apply to prosecutions for crimes occurring prior to the effective date of the Act, and to the extent that it holds that application of the Act to prosecutions for crimes occurring prior to the effective date of the Act would be a retroactive application of the Act, *Baysore* is overruled.

In the present case, therefore, the commencement in 1984 of the prosecution of appellant for a rape occurring in 1981 was within the applicable five year statute of limitations.

Judgement of Sentence affirmed.

POPOVICH, J., concurs in the result.

McEWEN, J., files a dissenting opinion.

TAMILIA, J., files a dissenting statement.

McEWEN, Judge, dissenting:

The view of the majority is presented in such thoughtful fashion and has been so readily embraced by all of my colleagues that I am hesitant to offer a differing view. Moreover, one must be slow to undertake an inquiry that will enable a culprit to evade a reckoning.[1] Nonetheless, I dissent.

There can be no disagreement with the statement of the majority that the legislature possesses the power and the authority to promulgate a new statute of limitations applicable to offenses committed prior to the effective date of the new statute. Nor can there be disagreement that application of the new five year statute of limitations to the instant prosecution would not violate the prohibition against *ex post facto* laws. *Cf. Commonwealth v. Guimento*, 341 Pa.Super. 95, 491 A.2d 166 (1985).

The issue presented by this appeal, however, is whether the legislature *intended* the Act of May 13, 1982, P.L. 417, No. 122, § 1, (hereinafter "Act 122") to apply to crimes committed prior to July of 1982. Act 122 itself does not contain an explicit expression of the intention of the legislature concerning the applicability of the statute to crimes committed before its effective date. Section 1926 of the Statutory Construction Act, however, provides that "no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. Our Supreme Court has also held that "[s]tatutes of limitations are of course liberally construed in favor of the defendant and against the Commonwealth." *Commonwealth v. Cardonick*, 448 Pa. 322, 330, 292 A.2d

---

1. "'Every statute of limitations, of course, may permit a rogue to escape....'" *Toussie v. United States*, 397 U.S. 112, 123, 90 S.Ct. 858, 864, 25 L.Ed.2d 156 (1970) *quoting Pendergast v. United States*, 317 U.S. 412, 418, 63 S.Ct. 268, 270, 87 L.Ed. 368 (1943).

402, 407 (1972). The majority, recognizing these well set-
tled principles, holds that application of the five year stat-
ute of limitations to crimes committed before its effective
date is required by the express terms of Act 122, and is a
*prospective* application of the statute rather than a retroac-
tive application. The majority reaches this conclusion in the
following fashion:

> The precise terms of Act 122 are that "a prosecution for
> [rape] must be commenced within five years after it is
> committed."
>
> The object "to which the new five year period applies is
> the *commencement of a prosecution*".
>
> The Act is, therefore, prospective in nature.

As logical as this analysis may appear, it causes one to ask,
if the application of Act 122 to a crime committed prior to
its effective date is a *prospective* application of the statute,
what would ever constitute a *retroactive* application of a
statute of limitations?

The issue of whether the application of a particular
statute is retroactive or prospective is not easily resolved.
The same general assembly which amended 42 Pa.C.S.
§ 5552(b) by Act 122 again amended Section 5552(b) some
seven months later, and provided for a new, five year
statute of limitations for offenses arising under the Public
Welfare Code, 42 Pa.C.S. § 5552(b)(4). *See:* Act of Decem-
ber 20, 1982, P.L. 1409, No. 326, Art. II, § 201 (hereinafter
"Act 326"). In Section 403 of Act 326, the legislature
expressly provided that the new statute of limitations would
"apply only to causes of action which accrue after the
effective date of this act." Section 403 of Act 326 provides
for what I suggest is a truely prospective application of a
new statute of limitations.[2]

---

**2.** The interpretation of Act 122 and Act 326 by the majority results in
the anomaly of the five year statute of limitations provided by 42
Pa.C.S. § 5552(b) being applied *retroactively* to prosecutions arising
under subsections (b)(1) and (b)(2), but *prospectively* to prosecutions
arising under subsection (b)(4).

The argument of the majority, that application of the five year statute is prospective rather than retroactive, resembles the reasoning of the eminent Justice Larsen in his dissent in *Commonwealth v. Story*, 497 Pa. 273, 440 A.2d 488 (1981): "We need not concern ourselves, however, with [1 Pa.C.] § 1926 as there has been *no retroactive application* of the statute. Application of a sentencing procedure enacted in 1978 to a conviction rendered in 1979 *can in no way be viewed as retroactive." Commonwealth v. Story, supra*, 497 Pa. at 306, 440 A.2d at 505 (Dissenting Opinion by Larsen, J.) (emphasis in original). The majority in *Story*, however, held that application of the sentencing procedures established by the Act of September 13, 1978, to a crime occurring in 1974 would be retroactive, and refused to apply the act retroactively:

That the Legislature did not intend the Act of September 13, 1978, to apply to an offense committed in 1974 is obvious from this Court's interpretation of the legislature's express mandate that 'no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.' 1 Pa.C.S. § 1926.

The prohibition against a retroactive construction of a statute is longstanding. The Statutory Construction Act of 1937 contained the identical prohibition, Act of May 28, 1937, P.L. 1019, § 56, formerly 46 P.S. § 556 (1969), as did our case law as early as 1837. *Oliphant v. Smith*, 6 Watts 449, 451.

Even where the General Assembly intends a retroactive construction, the statute is to be "strictly construed." 1 Pa.C.S. § 1928(b)(2).

In no area is the prohibition against retroactive construction more strongly mandated than in the criminal law. Emphasizing the prohibition contained in the Statutory Construction Act, the act which implements the Crimes Code adds:

"Title 18 of the Consolidated Pennsylvania Statutes (relating to crimes and offenses), as added by this act,

does not apply to offenses committed prior to the effective date of this act.... For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offenses occurred prior thereto."

*Commonwealth v. Story, supra,* 497 Pa. at 276, 440 A.2d at 489. (Opinion by Justice Roberts, joined by Chief Justice O'Brien and Justice Wilkinson).[3] *See also: Bacchetta v. Bacchetta,* 498 Pa. 227, 236, 240, 445 A.2d 1194, 1199 and 1201 (1982) (Dissenting Opinions of Chief Justice Nix and Justice Flaherty); *Misitis v. Steel City Piping Company,* 441 Pa. 339, 340, 272 A.2d 883, 883 (1971).

The United States Court of Appeals for the Third Circuit, in *United States v. Richardson,* 512 F.2d 105 (3rd Cir.1975), was faced with the precise issue presently before this Court. The Court of Appeals there held:

The question is one of ascertaining congressional intent. Congress, of course, has the power to extend the period of limitations without running afoul of the ex post facto clause, provided the period has not already run. *Falter v. United States,* 23 F.2d 420, 425–26 (2d Cir.1928). Criminal statutes of limitations, however, are to be interpreted in favor of repose. *Toussie v. United States,* 397 U.S. at 115, 90 S.Ct. 858.

Moreover, a law is presumed to operate prospectively in the absence of a clear expression to the contrary. *Hassett v. Welch,* 303 U.S. 303, 314, 58 S.Ct. 559, [564], 82 L.Ed. 858 (1938). Therefore, we must decline to hold that Congress in fact has exercised its power to extend the limitations period in the instant case, unless we discern a clear intention on the part of Congress that section 462(d) should apply to offenses committed before September 28, 1971.

---

**3.** Chief Justice Nix, in his concurring opinion in *Commonwealth v. Story, supra,* concluded that the sentencing procedures of the Act of September 13, 1978, could not be applied to an offense committed in 1974 because the legislature had not expressed an intention to apply the act *retroactively.*

The language of section 462(d) is silent on this point. Although the legislative history of the statute indicates that Congress wished to overcome the decision in *Toussie*, it does not indicate, contrary to the Government's contention, whether the new statute of limitations is to apply to offenses occurring before the statute's enactment. We therefore hold that section 462(d) applies only to offenses committed after September 28, 1971.

*United States v. Richardson, supra,* 512 F.2d at 106.

I, therefore, would find that *Commonwealth v. Baysore,* 349 Pa.Super. 345, 503 A.2d 33 (1986), allocatur denied, September 30, 1986, was correctly decided.

TAMILIA, Judge, dissenting:

I respectfully dissent from the majority's decision and join the dissent by McEwen, J. as I believe it is more persuasive on the issue of retroactivity of a criminal offense. I am further persuaded in this view by the fact that the Supreme Court had an opportunity to review this issue when it considered *Commonwealth v. Baysore,* 349 Pa.Super. 345, 503 A.2d 33 (1986) and denied allocatur. While I am extremely reluctant to reverse a jury finding under these circumstances where a child has been sexually assaulted over a period of years by an adult, I believe *Baysore* requires it. Fortunately, the amendment of 1985, Tolling of Statute, 42 Pa.C.S.A. § 5554(3), provides the statute will not run as to a child under 18 years of age where the crime involves injury to the person of the child because of unlawful violence or neglect by the child's parents, persons responsible for the child's welfare, individuals residing in the same home as the child or a paramour of the child's parents. Thus it appears that offenses of this kind, as to children, will not escape prosecution in the future because of the child's immaturity, fear, or lack of understanding which delays reporting of the offense.