542 A.2d 1025

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Paul O'DONNELL.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1987.

Filed June 1, 1988.

the brief, therefore, it is waived. *Commonwealth v. Balch,* 328 Pa.Super. 71, 476 A.2d 458 (1984).

Ernest D. Preate, Jr., District Attorney, Scranton, for Com., appellant.

James J. Walker, Carbondale, and Robert A. Mazzoni, Scranton, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA and POPOVICH, JJ.

ROWLEY, Judge:

This is an appeal, taken by the Commonwealth, from an order granting appellee, Paul O'Donnell's Petition for Writ of Habeas Corpus, and barring any further prosecution on the grounds that the statute of limitations has expired. En banc consideration of this appeal was granted along with en banc consideration of *Commonwealth v. Harvey*, 374 Pa. Super. 289, 542 A.2d 1027 (1988) No. 2142 Philadelphia 1986, filed contemporaneously with this opinion, because both cases involved an identical issue concerning the statute of limitations provided in 42 Pa.C.S. § 5552(b). For the reasons set forth below, we reverse the trial court's order.

Appellee O'Donnell was the business manager of the Mid-Valley Long Term Care Facility operated by Lackawanna County. In his capacity as business manager, he caused to have cashed for his personal use, rather than deposited appropriately, two checks totalling nearly $14,000. The first of these checks was cashed in June, 1980. The second was cashed in June, 1981. In August, 1981, O'Donnell voluntarily resigned his position as business manager of the facility. At some time after July, 1986, O'Donnell's actions

were first discovered, and on December 30, 1986, a criminal complaint was filed against O'Donnell charging him with two counts of Theft by Failure to Make Required Disposition and two counts of conspiracy.

After O'Donnell was bound over for court on all the charges following his preliminary hearing, O'Donnell filed a Petition for Writ of Habeas Corpus, alleging that the prosecution was barred by the applicable statute of limitations, 42 Pa.C.S. § 5552. The trial court granted this petition on the basis of *Commonwealth v. Baysore*, 349 Pa.Super. 345, 503 A.2d 33 (1986). The Commonwealth filed the instant appeal from that order alleging that 42 Pa.C.S. § 5552(b) *as amended*, Act of May 13, 1982, P.L. 417, No. 122 § 1 (hereafter, Act 122) is the relevant statute of limitations, and as applied to the case *sub judice*, does not bar the present prosecution. We affirm.

The parties do not dispute that § 5552 provides the statute of limitations applicable to this case. However, they do not agree as to whether the version of § 5552 which was in effect in 1980 and 1981 when the crimes were committed is applicable, or whether the amendment by Act 122 in 1982 is the applicable version. Prior to July 12, 1982, § 5552(a) provided that the statute of limitations for theft by failure to make required disposition was two years. Section 5552(c) provided two exceptions to this two year period. First, if fraud or breach of fiduciary obligation was a material element of the crime, then the prosecution could be commenced within one year after discovery of the offense provided that this did not extend the period of limitations more than three years beyond the period otherwise applicable. 42 Pa.C.S. § 5552(c)(1). Secondly, if the offense was committed by a public officer or employee in the course of or in connection with his or her office or employment at the time when he or she was an officer or employee, the prosecution could be commenced within five years after the person left the office or employment provided that this did not extend the period of limitations by more than eight years beyond the period otherwise applicable. 42 Pa.C.S.

§ 5552(c)(2). Act 122 amended § 5552 so that as of July 12, 1982, any prosecution for, among other things, theft by failure to make required disposition, had to be commenced within five years of commission of the crime. Sections 5552(c)(1) and (2) were unaffected by Act 122 and are still in effect.

The Commonwealth argues that because O'Donnell was a public employee and committed these crimes in connection with his employment and while he was an employee, the exception in § 5552(c)(2) is applicable. Therefore, the Commonwealth could have commenced the prosecution within five years of August, 1981, when he resigned his position with the County. Under this analysis, because the period of limitations had not yet expired when Act 122 became effective in July, 1982, the Commonwealth asserts that Act 122 should apply here.

The Commonwealth also argues that § 5552(c)(1) is applicable here because O'Donnell breached a fiduciary obligation when, as business manager of the County nursing home, he failed properly to handle the money, and because fraud is a possible element of the crime of theft by failure to make required disposition. At the time the crime occurred, under § 5552(c)(1), the prosecution could have been commenced up to three years beyond the ordinary two year period of limitations, or in other words, five years after the crime was committed. Because within this five-year period for both crimes, Act 122 became effective, the Commonwealth argues that Act 122 is applicable.

If Act 122 is not applicable, as O'Donnell argues, based upon *Bayshore* because the crimes here were committed prior to the effective date of Act 122, then the prosecution was time-barred when the criminal complaint was filed in this case regardless of whether § 5552(c)(1) or § 5552(c)(2) is used to extend the period of limitations. However, if Act 122 is applicable, then, under § 5552(c)(1), the prosecution could be commenced up until July, 1987, i.e., one year after discovery of the crime. Since the Complaint was filed in December, 1986, the complaint would be timely.

In *Commonwealth v. Harvey*, 374 Pa.Super. 289, 542 A.2d 1027, (1988) (en banc), we overruled *Baysore* and held that Act 122 applies prospectively to any prosecution commenced after its effective date on a cause of action which has not already expired regardless of whether the crime was committed before or after the effective date of Act 122. Inasmuch as the exceptions to the statute of limitations contained in § 5552(c)(1) and (2) applied to extend the period of limitations in effect when the crimes were committed to a date beyond the effective date of Act 122, Act 122 is applicable here. Because the prosecution was commenced within eight years of the commission of the crimes, the prosecution was timely under Act 122 and § 5552(c)(1).

Order reversed.

POPOVICH, J., concurs in the result.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

I dissent for the reasons set forth in my Dissenting Opinion in *Commonwealth v. Harvey*, 374 Pa.Super. 289, 542 A.2d 1027 (1988).