J-S52036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CONTE | : | |
| | : | |
| Appellant | : | No. 954 EDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000403-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED DECEMBER 07, 2020**

Appellant John Conte appeals from the Order entered in the Court of Common Pleas of Monroe County on March 6, 2020, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history herein as follows:

> The first stage of this criminal prosecution was in January 2016 when the Pocono Mountain Regional Police interviewed M.C.B., then 29 years old, about an alleged sexual assault and rape that she said occurred when she was a minor. M.C.B. related to the police that starting when she was 4 or 5 years old, her father, [Appellant], raped and assaulted her on several occasions. During that time period, she was living with her mother and [Appellant], as well as siblings. Although she could not specify the exact dates of the attacks, she believed they occurred when she was between the ages of 4 and 8 years old.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On January 29, 2016, a Criminal Complaint was filed against [Appellant] charging him with multiple counts of Rape[1], Involuntary Deviate Sexual Intercourse[2], Aggravated Indecent Assault[3], all as felonies, and Endangering the Welfare of Children and two other misdemeanor charges.

There were a number of pretrial matters, which were addressed by the trial court. A jury trial was held in March 2017. At the multi-day trial, M.C.B. testified, as did her mother and brothers. A number of other family members also testified for the prosecution. On the defense side, [Appellant] and his current wife testified, as well as other family members and friends.

As well-stated by [Appellant] in his Appellate Brief, the testimony at trial painted an amazingly different picture of the [Appellant] household during the era in which M.C.B. testified about the sexual assaults. "Specifically, M.C.B.'s part of the family, centered around her mother Rose, painted [Appellant] as a cruel, vindictive, and violent man who harbored no dispute in the house, and regularly meted out physical punishment on Rose and the children, with the exception of M.C.B. who he treated as a princess." Appellant's Brief at 8. The defense witnesses portrayed [Appellant] in a very different light. Although they testified that discipline was applied, the household was warm and often the place of welcoming visits from family and friends.

At the conclusion of the trial, [Appellant] was convicted of the single charge of Endangering the Welfare of Children. A pre-sentence investigation report was prepared and submitted to the trial court. Sentencing occurred on June 20, 2017; [Appellant] was sentenced to the statutory maximum of thirty to sixty months' incarceration. [Appellant] filed a Motion to Reconsider Sentence and Post-Trial Motions, which were denied on November 21, 2017, following a hearing.

_____
[1] 18 Pa.C.S.A. § 3121(a).
[2] 18 Pa.C.S.A. § 3123(a)
[3] 18 Pa.C.S.A. § 3125(a).

***Commonwealth v. Conte***, 198 A.3d 1169, 1172-73 (Pa.Super. 2018)

(footnotes omitted). This Court affirmed Appellant's judgment of sentence, and Appellant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court which was denied on April 17, 2019.

Appellant filed the instant PCRA petition on August 27, 2019. Following a hearing held on December 19, 2019, the PCRA court denied Appellant's petition on March 6, 2020.

On April 2, 2020, Appellant filed his Notice of Appeal with this Court, and his Statement Pursuant to Pa.R.A.P. 1925 on April 13, 2020. The trial Court filed its Statement Pursuant to Pa.R.A.P. 1925(a) on April 16, 2020, wherein it referenced its reasoning previously set forth in its March 6, 2020, in support of its decision to dismiss Appellant's PCRA petition.

In his brief, Appellant presents the following question for this Court's review:

> Whether the Lower Court erred by denying Appellant's PCRA Petition despite trial counsel's failure to file a pretrial motion to quash the charge of Endangering the Welfare of Children (EWOC) due to the charge being time-barred by the statute of limita[t]ions.

Appellant's Brief at 4.

When reviewing the denial of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal quotation marks and citation omitted). Our standard of review of the PCRA court's legal conclusions is *de novo*. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

"With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to

the contrary." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Moreover,

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (quotation omitted).

Pursuant to the United States Supreme Court's decision of ***Strickland v. Washington***, 466 U.S. 668 (1984), and the Pennsylvania Supreme Court's decision in ***Commonwealth v. Pierce***, 527 A.2d 973, 975-977 (Pa. 1987), to prevail on a claim of ineffective assistance of counsel, the petitioner must plead and prove three elements: 1) the underlying claim has arguable merit; 2) counsel had no reasonable basis for his action; and, 3) the petitioner suffered prejudice as a result of counsel's action. ***Brown***, 196 A.3d at 150. "If a petitioner fails to prove any of these prongs, his claim fails." ***Spotz***, 84 at 311 (citation omitted).

Appellant contends trial counsel had been ineffective for failing to file a motion *in limine* to dismiss the Endangering the Welfare of Children [EWOC] charge, the sole charge of which he had been convicted, because the statute of limitations had run thereon. Specifically, Appellant posits:

> had defense counsel raised the issue of whether the EWOC charge was time-barred, Appellant should have prevailed on that issue and that charge should have been dismissed prior to the commencement of trial. Inasmuch as EWOC was the only charge Appellant was convicted of at trial, the outcome of the case would

have been a full acquittal. Failure to raise the issue of whether a charge that is clearly time-barred prior to trial cannot be based upon any reasonable trial strategy. Appellant's theory of his defense was that he didn't commit the acts charged against him. It is patently unreasonable to place any defendant in jeopardy of conviction on any charge that is time-barred. As a result of the foregoing, this Court should grant Appellant's PCRA and discharge him inasmuch as there would remain no charges upon which the Commonwealth can try him.

Brief for Appellant at 13.

It is undisputed that trial counsel did not file a motion to dismiss the EWOC charge based upon an argument the statute of limitations on that charge had run. However, counsel's reasons for and the prejudice resulting from his failure to file such motion are less clear, for it cannot be said that a motion to dismiss inevitably would have resulted in the dismissal of this charge or that Appellant would not have been convicted of a more serious charge or charges following trial. Indeed, as the Commonwealth stresses, Appellant was charged with twenty-three (23) counts in the Criminal Information at least twenty of which had a twelve year statute of limitations and were primarily felony offenses, significantly more serious than the EWOC charge. Appellee Brief at 2-3.

It was revealed at the PCRA hearing that trial counsel's primary focus during trial had been on obtaining Appellant's acquittal on those charges, which stemmed from allegations of abuse that spanned twenty years. Ultimately, Appellant was found not guilty of rape and related sexual offenses. *See* Appellee Brief at 2-3; N.T. PCRA Hearing, 12/19/19, at 6-12. However,

trial counsel admitted he "did not have any reason to not file a bill of particulars." N.T. PCRA Hearing, 12/19/19, at 11. At the PCRA hearing, appellate counsel argued:

> And I think that whether or not it was tolled all should have been issues that should have been raised pretrial. There are all issues that should have been raised in two ways:
> One. By filing a bill of particulars requesting for the specific information that the Commonwealth is alleging rose to the level of endangering in this case.
> And then two: After you get that information from the Commonwealth, you can then make a motion to have the endangering charge quashed, that court of the information. Unless the Commonwealth can show that statute was tolled.

PCRA Hearing, 12/19/19, at 19.

In light of all of the foregoing, assuming, *arguendo* Appellant has shown trial counsel had no reasonable basis for filing a motion to quash the EWOC charge, we next determine whether his claim has arguable merit.

On finding that the statute of limitations on the EWOC charge had been tolled between 1998 and 2003, the PCRA court detailed its reasoning as follows:

> If trial counsel filed a Motion to Dismiss pleading and proving that an applicable statute of limitations barred the prosecution, [Appellant] could not have been convicted. Therefore, if we find proof that [Appellant] had a viable limitations defense, we may find arguable merit and prejudice: However, if trial counsel had an objectively reasonable basis to believe that no limitations defense applied, a reasonable basis existed to not present a futile argument.
> We do find that the statute of limitations would not defeat this prosecution. As the defense does not apply, trial counsel had a reasonable basis not to present to the [c]ourt a meritless claim for relief.

The statutes of limitations appear at 42 Pa.C.S.A. § 5552. The version in effect at the time of the alleged crimes provided 2 years for the Commonwealth to file the EWOC charge.[5] It was alleged that the sex crimes occurred while the victim was between the ages of 6 and 9, which would place the most-recent acts as allegedly occurring between 1992 and 1995. If no exception applied under the statute then in effect, the limitations period would have expired by the end of 1997 at the latest.

Effective 60 days from December 19, 1990, the legislature amended 42 Pa.C.S.A. § 5552 by enacting law 1990 P.L. 1341, no. 208. This added an exception to the statute of limitations so that prosecution for listed sex offenses against a minor could begin within 2 years after the victim turns 18. The exception covers EWOC. 42 Pa.C.S.A. [§]5552(c)(3) (this exception remains in effect in the current version). Subsequently, the legislature extended the limitations period for certain sex offenses against a minor, allowing prosecution to commence any time before the victim reaches 50, effective January 29, 2007. P.L. 1581, No. 179. This extension also covers EWOC. 42 Pa.C.S.A. 5552(c)(3) (current version).

Although the limitations period would have run until 2004 under P.L. 1341 in ordinary course, it remained subject to extension as applied to Defendant. The legislature can extend the period retroactively if the period in effect on the date of the alleged crime has not terminated.[6] *Commonwealth v. Harvey,* 542 A.2d 1027, 1029-30 (Pa. Super. 1998). In cases in which a prior statute of limitations has expired before an amendment becomes effective, the cause of action has expired; and the new statute cannot renew it. *Commonwealth v. Riding,* 68 A3d 990 (Pa. Super. 2013). We must now determine whether the statutory period in effect as of 1995 - the last year of the events for which [Appellant] was convicted- did in fact end before the current statute came into effect.

It will not have concluded if a tolling rule suspends the running of the limitations period. The exception for continuous absence from the Commonwealth does apply to toll the period. The evidence taken at the PCRA hearing shows [Appellant] was continuously absent from the Commonwealth for a prolonged period.

This tolling provisions [sic] suspends the limitations period when "the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth." 42 Pa.C.S.A. § 5554(1). In one case, our Superior Court held that a defendant's "fleeting

contacts" in this state did not resume the limitations period once he had domiciled himself elsewhere. _Commonwealth v. Lightman,_ 489 A.2d 200 (Pa. Super. 1985). They characterized as fleeting the defendant's hospital stays, visits with relatives, and driving of a company truck occasionally through Pennsylvania in the course of his employment. _Id._ These do not constitute residency or provide an ascertainable address at which to find the defendant. _Id._ However, a defendant may make themselves [sic] available if they regularly reappear within the Commonwealth. _Commonwealth v. Turner,_ l 07 A.2d 136 (Pa. Super. 1954).

At the PCRA hearing, we received evidence that [Appellant] moved to Florida sometime in 1997 or 1998. [Appellant] held employment in the Florida Department of Corrections in Punta Gorda between 1999 and 2007, according to the pre-sentence investigation. He and his ex-wife later maintained a vacation property in Monroe County that they visited each summer from February, 2003 to February, 2006, according to [Appellant's] testimony. He did not have this property when he first relocated to Florida. His testimony has him coming up "a lot"" to visit family and unspecified friends; [Appellant] has family in Pennsylvania and New Jersey.

These represent "fleeting contacts." [Appellant] continuously made his home in Florida, with his ex-wife in Florida, and worked in Florida for approximately 10 years. Even assuming he spent all summer for 3 years in a local vacation property, which was not established at the hearing, vacationing for a couple months does not interrupt his otherwise-constant presence in' Florida. It does not provide a reasonably ascertainable address at which he could be found, as the Commonwealth would have no notice that [Appellant] was present on vacation. A vacation home is not a fixed place of abode. Neither is it a place of work. We conclude that [Appellant's] absence tolled the statute of limitations between 1998 and 2007.

In 1998 when [Appellant] relocated, 1990 P.L. 1341 set the limitations period to begin running 2 years from the victim's 18th birthday on February 16, 2004. [Appellant's] absence suspended the limitations period until he returned to Pennsylvania in 2007. The statute of limitations had then not ended before P.L. 1581 became effective. Therefore, Pennsylvania had the lawful power to extend the limitations period as applied to [Appellant] _See Harvey,_ 542 A.2d at 1029-30.

The statute of limitations as presently amended runs until the victim reaches 50. The victim has not turned 50. Therefore,

the statute of limitations as applied to [Appellant] did not bar this prosecution.

Trial counsel did, then, have a reasonable basis not to file a motion to dismiss, because the remedy that motion would seek does not apply to [Appellant]. [Appellant's] ineffectiveness claim must then fail.

_____

[5] This section provided for a 12-year statute of limitations applicable to Rape, Involuntary Deviate Sexual Intercourse, and Aggravated Indecent Assault. 42 Pa.C.S.A. § 5552(b.1).

[6] [Appellant] believes a line of cases progressing to the federal District Court for the Middle District of Pennsylvania instructs otherwise. *Spanier v. Libby,* 2019 WL 1930155 (M.D. Pa., April 30, 2019), *recommendation of the magistrate judge adopted by the court,* 2019 WL 1923928 (April 30, 2019). The Commonwealth in that case argued that it committed no violation of the federal *ex post facto* clause by amending criminal law before the applicable statute of limitations had expired. The court ruled against them. However, the *Habeas* petitioner committed an act that was not criminal at the time it occurred and only became criminal 6 years later, and it made no difference that the limitations period that would have applied to the now-criminalized act had not concluded before the legislature defined it as a crime. Here, the Commonwealth alleged that [Appellant] committed acts indisputably criminalized at the time they would have occurred. This removes the issue before this [c]ourt from the *ex post facto* rights recognized in *Spanier.*

Trial Court Opinion, filed 3/6/20, at 6-10.

Following our review of the record, we agree with the PCRA court's cogent analysis. The record reflects that Appellant moved back to Pennsylvania in 2007. Prior thereto, he had been employed by the Florida Department of Corrections in Florida since 1999. He alleged for the first time at the PCRA hearing that he spent some time at his vacation home in Pennsylvania. This late revelation does not negate the

fact that he had "no reasonably ascertainable place of abode or work within this Commonwealth" 42 Pa.C.S.A. §5554(1) prior to 2007. Therefore, pursuant to that statute, the period of limitation was tolled during that time. **See id**. Thus, when the victim turned eighteen years of age in 2004, and the statute of limitations had not yet run.

In light of the foregoing, Appellant has failed to prove he was prejudiced as a result of trial counsel's failure to file a pretrial motion to quash the EWOC charge on the basis that it was time-barred. **See Brown**, 196 A.3d at 150

Finding no abuse of discretion, we affirm the trial court's Order denying Appellant's PCRA petition.

Order affirmed.

PJ Panella concurs in the result.

Judge McCaffery files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/7/20</u>