J-S53039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 1239 EDA 2020 |

Appeal from the PCRA Order Entered May 27, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002173-2013

BEFORE: SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: Filed: April 30, 2021

Justin Corliss appeals the order of the Court of Common Pleas of Monroe County (PCRA court) denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA). **See** 42 Pa.C.S. §§ 9541-9546. Following a jury trial in case number 2173-CR-2013, Corliss was found guilty of two counts of aggravated indecent assault (18 Pa.C.S. § 3125) against R.V. and was sentenced to an aggregate prison term of 9 to 18 years.[1] Corliss now seeks

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial on these counts was joined with case number 1749-CR-2013, which concerned similar allegations by a different victim, C.C. The two sentences in case numbers 1749-CR-2013 and 2173-CR-2013 were set to run consecutively, resulting in a total aggregate term of 39 to 78 years.

PCRA relief based on an expiration of the statute of limitations period, insufficiency of the evidence, and ineffective assistance of counsel.  We affirm.

**I.**

**A.**

The underlying facts and procedural history of this convoluted case have been previously summarized by this Court as follows:

[Corliss] operated a pet store in Monroe County.  In 1993, [Corliss] commenced a romantic relationship with his coworker, K.V.  Shortly thereafter, [appellant] moved in the residence K.V. shared with her minor daughter, R.V.  In 1995, when R.V. was approximately nine years old, [Corliss] began to molest R.V.  At first, [Corliss] would tickle R.V. when they played together. [Corliss'] behavior escalated, however, and he began placing his hands down R.V.'s pants.  [Corliss] digitally penetrated R.V. on multiple occasions between 1995 and 1997.  The abuse occurred at K.V.'s residence, often while K.V. was in another room.  On one occasion, [Corliss] inappropriately touched R.V. during a car trip to New York.  The molestation continued until 1997, when [Corliss] moved out of K.V.'s residence.  R.V. did not immediately report the abuse.

In 1996, fourteen-year old [D.G.] began to work at [Corliss'] pet store.  [D.G.'s] father was a regular customer at the pet store, and [Corliss] had known [D.G.] since she was eleven years old. After [D.G.] started working at the pet store, [Corliss] would tickle her. [Corliss'] behavior escalated, and he began placing his hands down [D.G.'s] pants.  Eventually, [Corliss] and [D.G.] engaged in sexual intercourse.  [Corliss] also performed oral sex on [D.G.] on multiple occasions.

The abuse occurred at the pet store during regular business hours. On two occasions, [D.G.'s] twelve-year-old friend witnessed the sexual activity.  [Corliss] also fondled [D.G.] during car trips to New York.  [D.G.] testified that [Corliss] took her on these trips "almost every single Monday" to pick up supplies for the pet store. In addition to the liaisons at work, [Corliss] molested [D.G.] at K.V.'s residence at least once.  In 1997, [D.G.'s] mother learned about the abuse and immediately informed the police.

At No. 743 of 1997, the Commonwealth charged [Corliss] with multiple offenses related to the molestation of [D.G.] Following a trial in 1998, a jury convicted [Corliss] of two (2) counts of statutory sexual assault and one (1) count each of aggravated indecent assault, indecent assault, and corruption of minors. On August 20, 1998, the [trial] court sentenced [Corliss] to an aggregate term of four (4) to ten (10) years' imprisonment. This Court affirmed the judgment of sentence on November 30, 1999. *See Commonwealth v Corliss*, 750 A.2d 366 (Pa. Super. 1999) (unpublished memorandum).

Prior to the start of the 1998 trial, [Corliss] met C.T. at the pet store. [Corliss] and C.T. married, and C.T. became pregnant before [Corliss'] sentencing hearing. C.T. gave birth to [Corliss'] daughter, C.C., in 1999 while [Corliss] was incarcerated. [Corliss] remained incarcerated until 2008. Upon his release, [Corliss] returned to live with C.T. and C.C. C.T. had no concerns about [Corliss] being around C.C., because [Corliss] had convinced C.T. that he was actually innocent of the charges pertaining to [D.G.] When [Corliss] would play with C.C., C.T. noticed that [Corliss] tickled the child and scratched the child's back. The tickling started to bother C.C., and she asked [Corliss] not to touch her, but C.T. did not intervene. [Corliss'] relationship with C.T. ended in 2010, after C.T. discovered that [Corliss] was having an affair with another teenager. In 2013, C.C. informed C.T. that [Corliss] had molested her. C.C. claimed that [Corliss] would put his hands down her pants and touch her vagina, exposed his penis to C.C., and attempted to force the child to perform oral sex on him.

Police arrested [Corliss] for the offenses against C.C. in July 2013. The media reported on [Corliss'] arrest, and R.V. saw the coverage. R.V. decided to contact police and inform them of the abuse she suffered from 1995 until 1997. At No. 1749 of 2013, the Commonwealth charged [Corliss] with sex offenses committed against C.C. At No. 2173 of 2013, the Commonwealth charged [Corliss] with sex offenses committed against R.V.

*Commonwealth v. Corliss*, 2091 EDA 2014, 2105 EDA 2014 (Pa. Super. July 14, 2015) (unpublished memorandum) (footnotes omitted).

The two cases involving the allegations of R.V. and C.C. were tried together, and at that joint trial, the Commonwealth was permitted to introduce evidence of Corliss' prior conduct toward D.G. in case 743-CR-1997. **See id**. (reversing trial court's order denying the Commonwealth's motion *in limine* to admit evidence of prior bad acts under Pa.R.E. 404(b)).

Corliss was found guilty of offenses against both R.V. and C.C., and as to the counts concerning R.V. in case number 2173-CR-2013, he was sentenced to a total prison term of 9 to 18 years. The judgment of sentence was affirmed. **See Commonwealth v. Corliss**, 108 EDA 2017 (Pa. Super. Dec. 8, 2017) (unpublished memorandum); **see also Commonwealth v. Corliss**, 176 MAL 2018 (Pa. Oct. 30, 2018) (denying petition for allowance of appeal). The present appeal only concerns the denial of Corliss' PCRA claims with respect to that case.[2]

**B.**

Within a year from the date that his judgment of sentence became final, Corliss timely petitioned for PCRA relief and he received an evidentiary hearing. The PCRA court denied Corliss' petition in its entirety and he timely appealed. The PCRA court submitted a thorough opinion detailing the history

---

[2] We have separately reviewed the denial of Corliss' PCRA claims pertaining to C.C.'s allegations in case 1749-CR-2013.

of the case and the reasons for its rulings. **See** PCRA Court Opinion, 5/27/2020.

For greater clarity, we have reworded and renumbered Corliss' appellate issues into three main grounds:

> 1. The trial court lacked jurisdiction because the statute of limitations barred prosecution.
>
> 2. Both counts of aggravated indecent assault must be vacated because the alleged conduct does not meet the statutory definition of the offense.
>
> 3. Defense counsel performed ineffectively by refusing to challenge prosecutorial comment and prior bad act evidence relating to his convictions from 1998.

**See** Appellant's Brief, at 4-5. Each of these issues will be addressed in turn below.[3]

## II.

Corliss first argues that his convictions as to two counts of aggravated indecent assault must be vacated because the statute of limitations period expired before the charges were filed, divesting the trial court of jurisdiction. The PCRA court properly denied this claim, as it was previously litigated on direct appeal. **See Commonwealth v. Corliss**, 108 EDA 2017 (Pa. Super.

---

[3] "Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009).

Dec. 8, 2017); *see also Commonwealth v. Corliss*, 176 MAL 2018 (Pa. Oct. 30, 2018) (denying petition for allowance of appeal).[4]

We explained in pages 8 and 9 of our memorandum that the above counts are subject to a statutory exception to the limitations period in 42 Pa.C.S. § 5552(c)(3), which tolls the period until the victim's 18th birthday.

A prerequisite for PCRA relief is that a claim of error has not been previously litigated. *See* 42 Pa.C.S. § 9543(a)(3). This occurs when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Corliss received a ruling as to this statute of limitations claim on direct appeal, and our Supreme Court declined to grant further review. Thus, the PCRA court correctly determined that the prior resolution of this issue compelled the denial of the reasserted claim.[5]

---

[4] Corliss also unsuccessfully raised this exact jurisdictional claim in a petition for writ of *habeas corpus* filed in federal court. *See Corliss v. McGinley*, 2020 WL 4758250 at *6 (M.D. Pa. Aug. 17, 2020). The PCRA court has further enumerated several other attempts by Corliss to raise the same claim. *See* PCRA Court Opinion, 5/27/2020, at 52 n.9.

[5] In any event, Corliss was charged within the limitations period. R.V. was born on January 7, 1986, and she turned 18 years old on January 7, 2004. The offenses took place between 1993 and 1997. The version of Section 5552(c)(3) in effect during that span provided that the five-year limitations period did not begin to run until the victim's 18th birthday, which, here, was in 2004. *See* 42 Pa.C.S. § 5552(c)(3) (*effective* February 17, 1991). In 2006, well within the tolled filing window, another expansion allowed charges to be filed up to the victim's 50th birthday, which, here, falls on January 7, 2036. *See id*. (*effective* January 28, 2007). "[W]hen a new period of limitations is

## III.

Corliss next contends that the PCRA court erred in denying his claim that the evidence was legally insufficient to sustain the two convictions on the counts of aggravated indecent assault. Again, the PCRA court did not err in denying this legal claim because it was previously raised on direct appeal and the denial of the claim was affirmed. *See Commonwealth v. Corliss*, 108 EDA 2017 (Pa. Super. Dec. 8, 2017); *see also Commonwealth v. Corliss*, 176 MAL 2018 (Pa. Oct. 30, 2018) (denying petition for allowance of appeal).

Thus, the PCRA court correctly ruled that this claim is now barred because it has already been fully litigated.

## IV.

We now turn to Corliss' claim of ineffective assistance of counsel. He argues that defense counsel failed to challenge the admission of evidence of his sexual offenses against D.G.

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could

---

enacted, and the prior period of limitations has not yet expired, in the absence of language in the statute to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations." *Commonwealth v. Harvey,* 542 A.2d 1027, 1029-30 (Pa. Super. 1988). Accordingly, Corliss' jurisdictional claim has no legal merit.

have taken place.'" ***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002) (quoting 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel is presumed to be effective and the petitioner has the burden of proving otherwise. ***Payne***, 794 A.2d at 906. "Counsel cannot be deemed ineffective for failure to pursue a meritless claim." ***Id***.

To prevail on a claim of ineffectiveness, a PCRA petitioner must show that (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness was prejudicial. ***See Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999). Prejudice in this context is defined as an error that was reasonably likely to affect the outcome of the proceedings. ***See Commonwealth v. Mallory***, 941 A.2d 686, 702 (Pa. 2008). Failure to satisfy any of these three prongs is fatal to an ineffectiveness claim. ***See Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

We dispose of the first ineffectiveness claim by referring to our previous memorandum in which the merit of the underlying evidentiary issue was decided. In ***Commonwealth v. Corliss***, 2105 EDA 2014, 2091 EDA 2014 (Pa. Super. July 14, 2015), the Commonwealth filed an interlocutory appeal of the trial court's exclusion of Corliss' prior offenses against D.G. We held that under Pa.R.E. 404(b), the criminal conduct was relevant to prove the allegations of R.V. in the present case. To remedy the error, we reversed the

trial court's ruling and remanded for further proceedings consistent with our mandate.

When the prosecution went on to refer to Corliss' prior convictions from his 1998 case throughout the trial in 2016, it would have been improper for defense counsel to object or seek other relief. By then, the issue had already been adjudicated in the Commonwealth's favor. Counsel may not be found ineffective for failure to assert a baseless claim. Thus, the PCRA court did not err in denying the claim that defense counsel performed ineffectively in this regard.

For all of the above reasons, the PCRA court committed no reversible error and the order on review must stand.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:4/30/21*