556 A.2d 915

COMMONWEALTH of Pennsylvania, Appellee,

v.

Harry Robert GIBBONS, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed April 7, 1989.

Ralph T. Forr, Jr., Altoona, for appellant.

Theresa Homady, Assistant District Attorney, Edensburg, for Com., appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

PER CURIAM:

At the conclusion of a jury trial, the appellant was found guilty of harassment and corruption of minors. After the trial court denied the appellant's timely filed post-verdict motions, he was sentenced to one to four years imprisonment and fined on the corruption of minors charge and forty-five to ninety days and fined on the harassment charge.[1] This direct appeal was then timely commenced. For the reasons which follow, we are constrained to vacate the judgment of sentence and remand the matter for a new trial.

1. The appellant's sentence for harassment was concurrent to his sentence for corruption of minors.

The appellant raises eight issues for our review. Because of our disposition of the first issue presented, it is not necessary to reach the remaining issues. In his first issue, the appellant argues the trial court erred in permitting a psychologist, Dr. Maxine Kane, to testify concerning the behavior of incest victims in an attempt to bolster the credibility of the victim. In its brief to this Court, the Commonwealth acknowledges that "[h]er testimony concerned the general dynamics of child sexual abuse and the behavior patterns of its victims, particularly child incest victims." Indeed, in responding to the argument in the appellant's post-verdict motions, the trial court wrote:

> Dr. Kane's testimony was relevant, material and probative. She testified as an expert in the general realm of incest, but that testimony specifically related to matters in issue during the trial. Dr. Kane elicited knowledge with regard to the fear, anxiety, and betrayal of trust which victims experience. She testified to the secrecy and non-disclosure surrounding such activity, the difficulty of remembering details from surrounding dates and times and the inconsistency attached thereto. Further, she testified as to the disassociation and disguised presentation that occurs as a result of such abuse. (T. 1/12/88 pp. 136–140)

> ... Dr. Kane's testimony was relevant and probative to matters in issue. *Dr. Kane's testimony was relevant and probative in that the jury could infer that gaps and inconsistencies in the victim's testimony stemmed from the psychological dynamics of incest rather than from fabrication or fantasy.*

Trial Court Opinion at 6. (Emphasis supplied)

We have reviewed the testimony of Dr. Kane and agree with the trial court's accurate observation as to its intended purpose. However, when the trial court's opinion was prepared, it did not have the benefit of this Court's recent decision in *Commonwealth v. Emge*, 381 Pa.Super. 139, 553 A.2d 74 (1988), where a panel of this Court ruled similar testimony inadmissible.

In *Emge*, the Commonwealth's psychologist, Dr. Anthony Mannarino, testified as to "[w]hether the changes in the child's behavior in this case were 'consistent with, generally speaking, a victim of child sexual abuse....' " *Id.*, 381 Pa.Superior Ct. at 143, 553 A.2d at 76. The panel concluded that testimony "which matches up the behavior of known victims of child sexual abuse with that of an alleged victim can serve no purpose other than to bolster the credibility of the alleged victim, and this purpose is patently prohibited." *Id., citing, Commonwealth v. Rounds*, 518 Pa. 204, 207, n. 4, 542 A.2d 997, 999, n. 4 (1988); *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988); *Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986).

The Commonwealth argues strenuously that Dr. Kane's testimony was necessary because "[t]he [appellant's] entire case rested on alleged inconsistencies with the victim's behavior and words, and without the expert testimony proffered by Dr. Kane, the jury would have had no idea whether these were truly inconsistencies indicating the victim was a liar or whether ... the victim's actions and words were representative of a mechanism of coping...." Appellee's Brief at 8. We note that in the instant case, as opposed to what occurred in *Commonwealth v. Emge*, the psychologist did *not* testify that the accusing child's behavior matched the behavior of known victims of child sexual abuse. Nevertheless, we can only conclude that the probative value of Dr. Kane's testimony is clearly outweighed by the prejudicial impact of admitting it. "A defendant would find little solace in the knowledge that [his] conviction resulted from the jury's belief that the accuser *acted* in a way that child sexual abuse victims are believed to act, as a class." *Commonwealth v. Emge*, 381 Pa.Superior Ct. at 143, 553 A.2d at 76. In this case, as in *Commonwealth v. Emge, supra*, the jury had the opportunity to see, hear, and evaluate the child accuser's testimony, as well as that of the other prosecution witnesses, in light of the appellant's own testimony and that of the defense witnesses. "Our faith lies in the jurors' ability to rely on the ordinary experience of life, their common knowledge of the natural tendencies of human

nature—including those of a child—and their observations of the character and demeanor of the opposing witnesses." *Commonwealth v. Emge*, 381 Pa.Superior Ct. at 145, 553 A.2d at 77.

For the foregoing reasons, we are constrained to vacate the judgment of sentence and remand the matter for a new trial. Jurisdiction relinquished.