682 A.2d 347

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Paul C. MORROW, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued June 13, 1996.

Filed Aug. 7, 1996.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellant.

Deborah T. Lux, Public Defender, Bellefonte, for appellee.

Before TAMILIA and JOHNSON, JJ., and MONTEMURO, J.*

MONTEMURO, Judge:

This is a Commonwealth appeal from an order of the Court of Common Pleas of Centre County dismissing Appellant's complaint against Appellee, Paul C. Morrow, Jr., as barred by the statute of limitations. For the following reasons, we reverse.

The victim, J.K., has been in the custody of her maternal grandmother, Joan Gummo, since she was three months old. One evening in 1990 or 1991, Gummo left the child, then five years old, with her biological mother, Robin Lucas, to attend a bowling tournament. When J.K. was dropped off around 6:15 p.m., her stepfather, her four siblings, and Appellee were also present at Lucas' home.

At some point during the evening, J.K. was left alone with Appellee. It is not clear where Lucas or the victim's stepfather were at this time. When Gummo picked her granddaughter up at around 9:00 p.m., the child told Gummo that while she was alone with Appellee he had touched her on the leg. Gummo immediately informed Lucas of the accusation but made no effort to contact the police. The record reveals that J.K. did not disclose the full extent of the touching until November of 1994; on December 21, 1994, Appellee was arrested on charges of indecent assault.

Through testimony at Appellee's preliminary hearing, the timing of the incident was fixed at a point during 1990 or 1991, and the subsequent Bill of Information accused Appellee of having committed the offenses during that period. On February 15, 1995, Appellee filed a motion requesting dismissal of the charges for violation of the applicable statute of limitations. On March 27, 1995, the day Appellee's motion was to be heard, the Commonwealth notified Appellee in writing of

* Retired Justice assigned to Superior Court.

its intent to toll the two year limitations period under 42 Pa.C.S.A. § 5554(3)[1].

At the preliminary hearing, the trial court rejected the Commonwealth's attempt to toll the statute and granted Appellee's motion to dismiss. Relying on *Commonwealth v. Bethlehem*, 391 Pa.Super. 162, 165, 570 A.2d 563, 565 (1989), *alloc. denied*, 525 Pa. 610, 577 A.2d 542 (1990), and *Commonwealth v. Perry*, 403 Pa.Super. 212, 588 A.2d 917 (1991), the court concluded that the Commonwealth was required to notify Appellee of its intent to invoke the tolling provision in the complaint itself or within a reasonable time before trial. It found that the Commonwealth had failed to notify Appellee timely of its intent to toll the statute until the date of the hearing before the court on Appellee's motion to dismiss, and thus that the limitations period had run. The order of dismissal was entered on April 7, 1995, giving rise to the instant appeal.

In its appeal, the Commonwealth raises the following question for our consideration: Whether the lower court in this case erred as a matter of law in determining that the charges filed against Appellee must be dismissed as time barred.

■ The Commonwealth argues that the trial court erred in dismissing the charges against Appellee as time barred because under 42 Pa.C.S.A. § 5552(c)(3) the charges were exempt from the statute of limitations. Section 5552(c) provides in pertinent part:

(c) Exceptions—If the period prescribed in subsection (a) [the general two year period] ... has expired, a prosecution may nevertheless be commenced for:

1. 42 Pa.C.S.A. § 5554 provides in pertinent part: Except as provided by section 5553(e) [pertaining to summary offenses involving motor vehicles] ... the period of limitation does not run during any time when:

\* \* \* \* \* \*

(3) a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence, or negligence of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same house as the child, or a paramour of the child's parent.

(3) any sexual offense committed against a minor who is less than 18 years of age any time up to the period of limitation provided by law after the minor has reached 18 years of age.

42 Pa.C.S.A. § 5552(c)(3).

■ Because Appellee's victim was and still is under the age of eighteen, the charges against him are not subject to the normal two-year statute of limitations period as set forth in 42 Pa.C.S.A. § 5552(a). The question then becomes whether the trial court's conclusion as to lack of notice was a correct statement of the Commonwealth's responsibility. We find that it is not.

We find controlling on the court's determination of untimely/improper notice our Supreme Court's decision in *Commonwealth v. Stockard,* 489 Pa. 209, 413 A.2d 1088 (1980), which holds that:

The fact that the Commonwealth did not allege in the [complaint] that it would seek to toll the statute of limitations is of no consequence [if] there was no prejudice to [defendant]. The Commonwealth did inform [Appellee] of the tolling of the statute of limitations when the Commonwealth filed its answer to [Appellee's] motion to dismiss the complaint ... As long as a defendant, some reasonable time before trial, is appraised (sic) that the Commonwealth will seek to toll the statute of limitations, the due process requirements of notice are met.

*Id.* at 217–218, 413 A.2d at 1092.

■ The trial court found that the Commonwealth gave no notice prior to the pre-trial hearing that it intended to toll the statute. In fact, Appellee necessarily had notice from the complaint, albeit not specifically averred, that the limitations exception would apply as the victim is clearly described as under 14 years of age. *See, Commonwealth v. Bidner,* 282 Pa.Super. 100, 422 A.2d 847 (1980). *See also, Commonwealth v. Cruz,* 355 Pa.Super. 176, 512 A.2d 1270 (1986). Moreover, the proper procedure for raising a statute of limitations defense is by means of an omnibus pretrial motion. *Common-*

*wealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983). The Commonwealth responded to this motion with written notice of intention to toll the statute, which was examined during the pre-trial hearing. There is nothing on the record to indicate that a trial date had even been set at this point, much less that the Commonwealth had failed to indicate its intentions early enough to satisfy due process. No prejudice could have accrued to Appellee, who was adequately and timely informed of the Commonwealth's intentions. Accordingly, we find that the trial court erred in dismissing the charges on the basis of inadequate or belated notice.

Appellee argues that the Commonwealth failed to prove the exception under § 5552(c)(3) was effective at the time of the alleged offense. However, the Commonwealth has no obligation to make such a showing. "[W]here the legislature amends a statute of limitations to provide a longer limitations period ... before the prior limitations period has expired, in the absence of language in the statute to the contrary, the amendments will be construed so as to extend the period within which the prosecution is to be commenced." *Commonwealth v. Thek,* 376 Pa.Super. 390, 401, 546 A.2d 83, 89 (1988). In *Commonwealth v. Harvey,* 374 Pa.Super. 289, 542 A.2d 1027 (1988), this court recognized that where the appellant had not yet obtained a complete defense of the statute of limitations by the time the new statute of limitations became effective and the prosecution was not yet time-barred, the legislature acted within its authority when it extended the period during which the prosecution had to be commenced. *Harvey,* 374 Pa.Super. at 297, 542 A.2d at 1031. Therefore, the Commonwealth needed only to show that at the time § 5552(c)(3) took effect, an action against Appellee could have been lawfully maintained.

As stated earlier, under the general rule of § 5552(a) the action against Appellee would have had to be commenced within two years. The Commonwealth was able to establish that the alleged crime took place in 1990 or 1991. Accordingly, even assuming the earliest possible date for commission of the offenses here, the limitation period on charges brought

pursuant to § 5552(a) would not have expired until at least 1992. Since the effective date of § 5552(c)(3) was February 17, 1991, the crimes were committed at most only a year and a half after § 5552(c)(3) was enacted. Therefore, the Commonwealth's action against Appellee gains the benefit of this exception.

Appellee also argues that application of § 5552(c)(3) is limited to situations where victims who were subject to sexual abuse by members of the family or other household residents have reached the age of majority and wish to bring an action on their own. We disagree. The plain language of this statute does not limit the exception to actions against family members. Section § 5552(c)(3) specifically states that it works as an exception to the statute of limitations for **any** sexual offense committed against a minor. When language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. *Commonwealth v. Larkin*, 518 Pa. 225, 232–233, 542 A.2d 1324, 1328 (1988); *Commonwealth v. Bell*, 512 Pa. 334, 339–340, 516 A.2d 1172, 1175 (1986); Statutory Construction Act 1 Pa.C.S. § 1921(b).

We conclude that under § 5552(c)(3), the Commonwealth may maintain an action against Appellee, and, therefore, the trial court's decision to dismiss this claim must be reversed.[2]

Reversed and remanded for proceedings consistent with this Opinion.

---

2. While the Commonwealth failed to invoke § 5552(c)(3) in opposition to Appellee's motion for dismissal, it was an error of law by the trial court not to apply this provision. Moreover, the Appellee never objected to the Commonwealth's attempt to use it on appeal. Therefore, we have not addressed the issue whether the Commonwealth waived its right to invoke § 5552(c)(3) by failing to present it at Appellee's pre-trial motion.