J-A27034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEE ANDREW MOORE, | : | |
| | : | |
| Appellant | : | No. 2009 WDA 2013 |

Appeal from the Judgment of Sentence entered on November 15, 2013
in the Court of Common Pleas of Mercer County,
Criminal Division, No. CP-43-CR-0000378-2012

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 08, 2014**

Lee Andrew Moore ("Moore") appeals from the judgment of sentence imposed following his convictions of involuntary deviate sexual intercourse, unlawful contact with a minor, statutory sexual assault, corruption of the morals of a minor, and indecent assault. ***See*** 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3122.1, 6301(a)(1)(i), 3126(a)(8). We affirm.

The trial court set forth the relevant underlying facts as follows:

[Moore] was arrested on March 8, 2012[,] and charged with [the above-mentioned crimes.] These charges arose from [Moore's] alleged on-going sexual abuse of his former step-son, R.M., between the years of 2004 and 2008.

A preliminary hearing was held before Magisterial District Judge Lorinda Hinch on March 19, 2012. [Moore] was ordered held for trial on all counts at the conclusion of that hearing.

[Moore] waived arraignment on July 19, 2012.

A jury trial commenced on March 18, 2013. A mistrial was declared during *voir dire*.

A second jury trial commenced on July 18, 2013. On July 19, 2013, R.M. testified at trial that his date of birth is July 3, 1989; that the abuse started in mid to late Fall of 2004 …; and that it ended when he graduated from high school in June of 2007. At the conclusion of the trial, the jury returned guilty verdicts on all counts.

* * *

[Moore] was sentenced to a term of imprisonment of not less than 5 years nor more than 15 years on the charge of [i]nvoluntary [d]eviate [s]exual [i]ntercourse; a consecutive term of imprisonment of not less than 4 years nor more than 10 years on the charge of [u]nlawful [c]ontact with a [m]inor, and concurrent terms of imprisonment on the remaining charges. This appeal followed.

Trial Court Opinion, 1/23/14, at 1-2.

On appeal, Moore raises the following questions for our review:

1. Whether [Moore] was improperly convicted of [u]nlawful [c]ontact [w]ith a [m]inor … and sentenced to 4 to 10 years' incarceration[,] as the alleged victim ceased being a minor on July 3, 2007[,] and the Commonwealth did not file the criminal charge until March 6, 2012[,] which is beyond the 2[-]year statute of limitations pursuant to 42 Pa.C.S.A. § 5552(a)[,] thus denying the [trial] court of subject matter jurisdiction[?]

2. Whether [Moore] was improperly convicted of [i]ndecent [a]ssault … as the Commonwealth set forth in the Criminal Information the language of the statute that did not become effective until January 23, 2006[,] which was after the latest date of the criminal conduct when the alleged victim turned 16 on July 3, 2005[,] thus denying the [trial] court of subject matter jurisdiction[?]

3. Whether [Moore] was improperly convicted of [c]orruption of [m]inors … as the Commonwealth set forth in the Criminal Information a specific section of the Pennsylvania Crimes

- 2 -

Code that did not become effective until December 6, 2010[,] which was after the latest date of the criminal conduct when the alleged victim turned 18 on July 3, 2007[?]

4. Whether the combined errors by the Commonwealth in incorrectly setting forth 3 of the 5 crimes [Moore] was specifically charged with [in] the Criminal Information deprived [Moore] of Due Process of Law so as to infringe upon his Constitutional Rights to a Fair Trial under the Constitutions of the United States and the Commonwealth of Pennsylvania[?]

Brief for Appellant at 5.

In his first claim, Moore contends that his conviction of unlawful contact with a minor is barred by the statute of limitations. *Id*. at 10, 16. Moore argues that the charged crimes occurred between 2004 and 2007, when the victim turned 18-years-old. *Id*. at 10. Moore asserts that the statute of limitations for the crime of unlawful contact with a minor is two years under 42 Pa.C.S.A. § 5552(a)[1] and thus, the latest the Commonwealth could have charged him was July 2009. Brief for Appellant at 11. Moore points out that the Commonwealth did not institute the instant criminal case until March 6, 2012. *Id*.

---

[1] Section 5552(a) states that "[e]xcept as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed." 42 Pa.C.S.A. § 5552(a). Relevantly, the crime of unlawful contact with a minor is not stated under section 5552(b.1) (listing major sexual offenses), or section 5552(c)(3) (stating that if the period prescribed in subsection (a) or (b.1) has expired, a prosecution may nevertheless be commenced for a "sexual offense committed against a minor who is less than 18 years of age any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age."). Thus, the statute of limitations for a crime of unlawful contact with a minor is two years from the date the acts were committed. *See* Trial Court Opinion, 1/23/14, at 3.

Moore claims that the trial court does not dispute that the conviction of unlawful contact with a minor was barred by the statute of limitations, but instead finds that he waived the issue by his failure to properly raise it in the trial court. *Id*. at 11-13. Moore argues that he did not waive this issue because the Criminal Information did not include the victim's name, age, or the dates of the alleged improper contact, and therefore, he was unaware of the expiration of the statute of limitations. *Id*. at 10, 13. Moore further contends that Pennsylvania Rule of Criminal Procedure 578, Omnibus Pretrial Motion for Relief, does not specify that the affirmative defense of statute of limitations must be raised in a pretrial motion. Brief for Appellant at 13-14. Moore additionally claims that based upon the expiration of the statute of limitations, the trial court did not have jurisdiction to impose a sentence. *Id*. at 14-16.

Initially, we observe that an assertion that the statute of limitations has expired in a criminal case is waivable. *See Commonwealth v. Rossetti*, 863 A.2d 1185, 1190 (Pa. Super. 2004).

> In *Commonwealth v. Darush*, 501 Pa. 15, 20 n.4, 459 A.2d 727, 730 n.4 (1983), the Pennsylvania Supreme Court held that a statute of limitations claim is waived if not raised in a pretrial omnibus motion seeking dismissal of the charges. *Id*. In two decisions following *Darush*, this Court found statute of limitations claims to be waived when not raised at the first available opportunity and when raised after the imposition of sentence. *Commonwealth v. Groff*, 378 Pa. Super. 353, 548 A.2d 1237, 1244-45 (1988); *Commonwealth v. Stover*, 372 Pa. Super. 35, 538 A.2d 1336, 1339 (1988). In *Stover*, we stated that a defendant had from the expiration date of the statute of limitations until the date of sentencing to raise the

issue of statute of limitations[,] and that the failure to raise it in a timely fashion constituted a waiver of the claim. ***Stover***, 538 A.2d at 1339. … ***See also***[] ***Commonwealth v. Morrow***, 452 Pa. Super. 403, 682 A.2d 347, 349 (1996) (proper procedure for raising a statute of limitations claim is in an omnibus pretrial motion); ***Commonwealth v. Vidmosko***, 393 Pa. Super. 236, 574 A.2d 96, 97-98 (1990) (statute of limitations claim waived when not raised prior to trial); ***Commonwealth v. Riley***, 330 Pa. Super. 201, 479 A.2d 509, 515 (1984) (statute of limitations claim is waived when not raised pre-trial).

***Rossetti***, 863 A.2d at 1190. Thus, a defendant waives his statute of limitations defense if he fails to raise it before the date of his sentencing. ***See id***.; ***Stover***, 538 A.2d at 1338 (stating that the defendant "failed to raise the defense of the statute of limitations at any time in the trial court. Thus, we find the defense of the statute of limitations to have been waived . . . .").

Here, Moore did not raise a statute of limitations defense in either his pretrial Motion or at any time before sentencing. Moreover, in light of the numerous cases stating that a statute of limitations defense must be raised in a pretrial motion, Moore's claim regarding Criminal Rule 578 does not entitle him to relief. ***See Groff***, 548 A.2d at 1244 (concluding that pursuant to Pa.R.Crim.P. 306 (now Rule 578), the defendant waived a challenge to the statute of limitations because he failed to raise the issue in a pretrial motion); ***see also*** Pa.R.Crim.P. 578, cmt. (providing the types of relief that are appropriate for omnibus pretrial motions under Rule 578and stating that "rule is not intended to limit other types of motions, oral or written, made pretrial or during trial …. The earliest feasible submissions and rulings on

such motions are encouraged."); **Darush**, 459 A.2d at 730 n.4; **Rossetti**, 863 A.2d at 1190. Furthermore, Moore should have been aware of the statute of limitations defense. Moore acknowledges that the Criminal Information states that the alleged unlawful contact occurred between 2004 and 2008, and that he was not charged until 2012. **See** Brief for Appellant 11, 13 (wherein Moore admits that the Criminal Information stated that the alleged unlawful contact occurred between 2004 and 2008, and he was not charged until 2012). Finally, the expiration of the statute of limitations did not remove the trial court's subject matter jurisdiction. **See Commonwealth v. Lenart**, 242 A.2d 259, 262 (Pa. 1968) (stating that "the statute of limitations is not *per se* a bar to prosecution; it is an affirmative defense which must be pleaded. Thus, if not pleaded, the prosecution machinery will grind."); **see generally Bellotti v. Spaeder**, 249 A.2d 343, 344 (Pa. 1969) (stating that "defense of the statute of limitations does not divest the court of power to hear the action and may be waived by consent or conduct of the parties. It is merely a procedural bar to recovery."). Based upon the foregoing, Moore waived his statute of limitations defense.[2]

---

[2] Here, the Commonwealth and the trial court do not dispute that the statute of limitations expired with regard to the unlawful contact with a minor charge. Thus, to gain relief, Moore should file a Post Conviction Relief Act petition, asserting ineffective assistance of counsel for failing to raise the statute of limitations defense in a timely manner. **See Commonwealth v. Grant**, 813 A.2d 726, 737-38 (Pa. 2002) (stating that ineffective assistance of counsel claims should be raised on collateral review).

In his second and third claims,[3] Moore raises issues with regard to the adequacy of the Criminal Information concerning the corruption of a minor and indecent assault charges. Brief for Appellant at 17-20. Moore specifically argues that he was improperly convicted of indecent assault because the Commonwealth relied upon statutory language that did not become effective until January 23, 2006, when the latest date of the alleged criminal conduct was July 3, 2005. *Id*. at 17, 18-19. Moore similarly argues that his corruption of a minor conviction was improper because the Commonwealth relied upon statutory language that did not become effective until December 6, 2010, when the latest date of the alleged criminal conduct was July 3, 2007. *Id*. at 17, 19-20. Moore claims that because the offenses were incorrectly charged, he should not have been tried or convicted of the crimes. *Id*. at 18, 20.

Bills of information are governed by the Pennsylvania Rules of Criminal Procedure, which require that they include a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint[.]" Pa.R.Crim.P. 560(B)(5); *see also **Commonwealth v. Badman***, 580 A.2d 1367, 1371 (Pa. Super. 1990) (stating that "[t]he information should be read in a common sense manner, rather than being construed in an overly technical sense."). Additionally, Pa.R.Crim.P. 560(C) provides that "[t]he information shall contain the official

---

[3] Moore has addressed his second and third claims together.

or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information." Pa.R.Crim.P. 560(C). "The purpose of the information is to advise the accused of the allegations and the crimes charged, to give sufficient notice to allow the opportunity to prepare a defense, and to define the issues for trial." *Commonwealth v. Kisner*, 736 A.2d 672, 674 (Pa. Super. 1999).

Initially, we note that Moore did not raise this claim before the trial court. *See* Pa.R.Crim.P. 578, cmt. (stating that types of relief appropriate for omnibus pretrial motions include "to quash or dismiss an information[.]"); *Commonwealth v. Parmer*, 672 A.2d 314, 316 (Pa. Super. 1996) (stating that "[a] claim that the information or indictment charges the defendant with the wrong crime must be made by written pre-trial motion to quash."). As Moore had ample opportunity to raise such a claim, we deem his challenge to the Criminal Information waived for purposes of appellate review. *See Parmer*, 672 A.2d at 316.

Nevertheless, even if Moore had properly preserved his claim, he would not be entitled to relief. The charge of indecent assault is set forth in Count 5 of the Criminal Information as follows:

> The District Attorney of Mercer County, Pennsylvania, by this Information presents that on (or about) 2004-July 2005

[Moore] did have indecent contact with a complainant and/or caused the complainant to have indecent contact with [Moore] and/or did intentionally cause the complainant to come into contact with seminal fluid, urine, or feces for the purpose of arousing sexual desire in [Moore] or the complainant and the complainant was less than 16 years of age and [Moore] was four or more years older than the complainant and the complainant and [Moore] were not married to each other, in that [Moore], four or more years older than the victim, did engage in deviate sexual intercourse per os and/or anus, on several occasions, with a male victim while he was fourteen (14) and/or fifteen (15) years of age, said incidents occurring at 250 East Butler Street in the Borough of Mercer, Mercer County, Pennsylvania,

in violation of 18 Pa.C.S.A. [§] 3126(a)(8)[.[4]]

Criminal Information, 7/23/12, at 3 (unnumbered, footnote added).

---

[4] Here, until January 23, 2006, the Crimes Code defined indecent assault as

[a] person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if … the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8) (effective until January 23, 2006). The amended and current language of section 3126(a)(8) states that a person commits indecent assault if

the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and … the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8).

The charge of corruption of minors is set forth in Count 4 of the Criminal Information as follows:

> The District Attorney of Mercer County, Pennsylvania, by this Information presents that on (or about) 2004-2008
>
> [Moore], being of the age of 18 years and upwards by any act corrupted or tended to corrupt the morals of a minor less than 18 years of age, or did aid, abet, entice or encourage any such minor in the commission of a crime, in that [Moore], on several occasions, did supply a minor male with pornographic material and/or videos while [Moore] did perform oral sex and/or masturbation on the minor while the minor was fourteen (14) and/or fifteen (15) and/or sixteen (16) and/or seventeen (17) years of age, said incidents occurring at 250 East Butler Street in the Borough of Mercer, Mercer County, Pennsylvania,
>
> in violation of 18 Pa.C.S.A. [§] 6301(a)(1)(i)[.[5]]

Criminal Information, 7/23/12, at 2 (unnumbered, footnote added).

---

[5] With regard to corruption of minors, the Crimes Code, until December 6, 2010, defined corruption of minors, in relevant part, as follows:

> Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1) (effective until December 6, 2010). The amended and current language of section 6301(a)(1)(i) states that a person commits corruption of minors if

> being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

Although the Criminal Information cites to the amended and current language in the Crimes Code, it nonetheless contained all necessary elements of the crimes of indecent assault and corruption of minors. When read in a common sense manner, the Commonwealth's Criminal Information specifically put Moore on notice that he committed the crimes in question by performing various acts on a male victim between the ages of 14 and 17. *See Commonwealth v. Lohr*, 468 A.2d 1375, 1377 (Pa. 1983) (stating that "[i]f there exists a variance between the allegations of an information and proof at trial, such variance is harmless error unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right."); *see also Commonwealth v. Sims*, 919 A.2d 931, 939 (Pa. 2007) (stating that "[t]o comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial."). Accordingly, even if he properly preserved his claim regarding the adequacy of the Criminal Information, it would be without merit. *See Commonwealth v. Jones*, 929 A.2d 205, 211-12 (Pa. 2007) (holding that there was no merit to challenge to bills of information where bills provided formal and specific notice of accusations and charges); *see also In re R.M.*, 790 A.2d 300, 306 (Pa. 2002) (stating that "the disparity between the

charging document and the proof at trial was not material, or because the disparity, though material, did not prejudice the defendant.").

In his final claim, Moore restates his above claims and seeks a new trial with a Criminal Information that accurately reflects the accusations made against him. Brief for Appellant at 21-22. As we have already concluded that his claims do not entitle him to relief on direct appeal, we will not further address the claims.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014