J-S34011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KELLY EUGENE PATZ :
:
Appellant : No. 1 WDA 2022

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000334-2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: JANUARY 11, 2023**

Appellant, Kelly Eugene Patz, appeals from the September 24, 2021 judgment of sentence entered in the Warren County Court of Common Pleas following his conviction by a jury of Unlawful Contact with a Minor, and two each of counts of Statutory Sexual Assault, Sexual Assault, Corruption of Minors, and Endangering the Welfare of Children.[1]  Appellant challenges the sufficiency and weight of the evidence, certain evidentiary rulings, the statute of limitations, and the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On July 24, 2019, following an investigation conducted by the Pennsylvania Attorney

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(1), 3122.1, 3124.1, 6301(a)(1), and 4304(a), respectively.

General's Office, police arrested Appellant and charged him with, *inter alia*, the above crimes. The charges arose from allegations that Appellant had sexually assaulted the victim, who was a minor at the time, on numerous occasions between September 1, 2000, and June 30, 2003.[2]

According to the Affidavit of Probable Cause submitted in support of the Criminal Complaint, the victim reported to police that he and Appellant were neighbors in Warren and, when the victim was in approximately sixth grade, Appellant hired the victim first to help Appellant build a patio at his home and later to help Appellant with his business of selling novelty items at local flea markets. The victim explained that working at flea markets required that he and Appellant leave in the early morning on the weekends, so Appellant offered, and the victim's parents allowed the victim to stay overnight at Appellant's home. During those overnight visits, Appellant sexually abused the victim. In 2001, the victim moved with his family to North Carolina, but returned to Warren in 2006 or 2007. The victim reported that Appellant travelled to North Carolina once during the period when the victim lived there, and sexually abused him there. After the victim returned to Pennsylvania, Appellant resumed his sexual abuse of the victim. The victim stated that Appellant would often supply the victim with alcohol or marijuana before

---

[2] On February 7, 2020, the Commonwealth amended the Criminal Information to include charges which it alleged had occurred between approximately June 1, 2006, and September 30, 2007.

carrying out the acts of abuse. Appellant's numerous instances of abuse of the victim took place over many years.

Prior to Appellant's trial, the Commonwealth sought to introduce evidence that Appellant had perpetrated similar crimes on two other minor victims around the same time as he abused Appellant. To that end, on December 9, 2019, the Commonwealth filed a notice of its intent to present evidence of other crimes, wrongs, or acts pursuant to Pa.R.E. 404(b). In particular, the Commonwealth sought to introduce evidence that Appellant pleaded guilty in 2013 to indecent exposure after the Commonwealth charged him with crimes similar to those charged in the instant case. Those charges arose from allegations that Appellant had abused another victim ("John Doe 2") between 1998 and 2002 when John Doe 2 was approximately 10 to 14 years old. John Doe 2 sometimes stayed overnight at Appellant's residence and travelled with Appellant to various fairs and events to perform odd jobs, including helping Appellant with his vending machine and bounce house rental businesses. The abuse in that case occurred inside Appellant's residence, camper, and in a storage facility owned by Appellant. In the notice of intent, the Commonwealth highlighted the numerous similarities between John Doe 2's and the victim's account of Appellant's abuse, including the manner of the abuse, and noted that the timeframes of the abuse overlapped. Following a hearing, the trial court permitted the Commonwealth to present the testimony of John Doe 2 at trial.

On February 3, 2021, the Commonwealth filed another notice of intent to present Pa.R.E. 404(b) evidence seeking to introduce evidence that Appellant had abused a third victim, John Doe 3, under circumstances and in a manner similar to those alleged by the victim and to those of John Doe 2. Following a hearing, the trial court entered an order permitting the Commonwealth to offer John Doe 3's testimony at trial.

Appellant's two-day jury trial commenced on June 1, 2021. At trial, the Commonwealth presented the testimony of, *inter alia*, the victim, John Doe 2, and John Doe 3. Relevantly, when those witnesses testified, the trial court instructed the jury to consider their testimony only for the "limited purpose" of "tending to show a common scheme or plan" and that "[t]his evidence must not be considered by you in any other way" including to "show[] that [Appellant] was a person of bad character or [has] criminal tendencies for which you might be inclined to find guilt." N.T. Trial, 6/1/21, at 95, 136. The trial court also repeated this instruction at the end of the trial. N.T., 6/2/21, at 455-56. On June 2, 2021, the jury convicted Appellant of the above charges.[3] Following the jury's verdict, the trial court ordered preparation of a pre-sentence investigation ("PSI") report.

On September 24, 2021, after considering, *inter alia*, the parties' arguments, the victim's impact statement, and the PSI report, the trial court

---

[3] The jury found Appellant not guilty of 13 additional charges.

sentenced Appellant to an aggregate term of incarceration of 19 to 38 years.[4] Each sentence imposed was in the aggravated range of the Sentencing Guidelines.[5] The court ordered each sentence to run consecutively and explained its reasons for doing so on the record at the sentencing hearing.

On October 4, 2021, Appellant filed a post-sentence motion for a new trial asserting generally that the jury's verdict was against the weight of the evidence because the victim's testimony was "unreliable due to the fact that there were multiple inconsistencies." Motion, 10/4/21, at 2 (unpaginated). Appellant also requested that the trial court modify his sentence "into the standard range of the guidelines," arguing that his sentence was excessive because "he was sentenced consecutively on all counts in the aggravated range," he had a prior record score of zero, was gainfully employed, and had served in the military. *Id.* at 3. Appellant also asserted that the trial court gave inappropriate weight to aggravating factors and insufficient weight to mitigating factors.

On December 3, 2021, the trial court denied Appellant's post-sentence motion. This timely appeal followed.

---

[4] In particular, the trial court sentenced Appellant to a term of 20 to 40 months for his Unlawful Contact with a Minor conviction, a term of 20 to 40 months for each of this Statutory Sexual Assault convictions, a term of 60 to 120 months for each of his Sexual Assault convictions, a term of 12 to 24 months for each of his Endangering the Welfare of Children convictions, and 12 to 24 months for his Corruption of Minors conviction.

[5] In its sentencing order, the court explained its reasons for imposing all sentences in the aggravated range.

Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following six issues on appeal:

1. Did the trial court err and abuse its discretion by denying Appellant's post[-]sentence motion requesting a new trial where the guilty verdict was against the weight of the evidence given the multiple inconsistencies presented in the testimony[?]

2. Did the trial court abuse its discretion by sentencing Appellant in the aggravated range on each count with all sentences running consecutively resulting in a manifestly excessive sentence[?]

3. Did the trial court err and abuse its discretion by allowing the jury to consider a timeframe of alleged conduct outside of what was presented on the information, particularly given that during deliberations, the jury came back and had a question about whether they could consider evidence of conduct that was alleged to occurred outside of the timeframe listed in the criminal information?

4. Did the court err and abuse its discretion by allowing the presentation of inadmissible Rule 404(b) evidence by the Commonwealth, when it permitted the testimony of [John Doe 2] and [John Doe 3], who accused Appellant of similar conduct, which witnesses were never listed as victims in this matter?

5. Is the conviction for unlawful contact with a minor on count seven [] improper given that the statute of limitations, as described in 42 Pa.C.S.[] § 5552 for this charge is two years, the contact was alleged to have occurred between September 1, 2000[,] and June 30, 2003, and yet proceedings were not brought against Appellant for this alleged count until July 24, 2019?

6. Is there insufficient evidence to support the guilty verdict in this matter, where there were multiple inconsistencies in the complainant's testimony that show his testimony is unreliable and lacks credibility? Additionally, does the lack of supporting evidence produced to corroborate the complainant's allegations show there is not sufficient evidence to support a guilty verdict?

Appellant's Brief at 13-15 (suggested answers and some subparts omitted).

**A.**

**<u>Issue 1: Weight of the Evidence</u>**

In his first issue, Appellant challenges the weight of the evidence in support of his convictions. Before we reach the merits of this claim, we must consider whether Appellant has preserved it for our review.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to and relevant authority. Pa.R.A.P 2119(a)-(c). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

The argument Appellant has presented in support of this claim is woefully underdeveloped. Although Appellant has provided citations to the record, he has provided no citations whatsoever to any authority regarding our standard of review of weight of the evidence claims and has failed to discuss the facts of this case in the context of relevant case law. Instead, Appellant has merely recounted the facts in the light most favorable to him and then baldly concludes that those facts demonstrate that the victim's testimony was "questionable[,] . . . unreliable and inadequate" and that "[t]he weight of the evidence simply does not support the nine offenses of which Appellant was convicted." Appellant's Brief at 35. We cannot and will not act as Appellant's counsel and develop arguments on his behalf. Appellant's failure to develop his arguments has hampered this Court's ability to conduct meaningful appellate review of this issue. Thus, we conclude that Appellant has waived it.[6]

**Issue 2: Discretionary Aspects of Sentence**

Appellant next claims that the trial court abused its discretion in sentencing him to serve his sentences consecutively, in failing to consider

---

[6] Even if Appellant had not waived this issue, we would find no abuse of discretion in the trial court's denial of Appellant's request for a new trial on weight of the evidence grounds based on the court's conclusion that the jury's resolution of any "conflicts in the testimony of the victim and [Appellant] are not so contrary as to shock one's sense of justice." Trial Ct. Op., 2/2/22, at 6. Accordingly, this issue would not entitle Appellant to relief.

mitigating factors such as his work and military service histories, and by demonstrating "personal antipathy" towards him. Appellant's Brief at 36-49.[7]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

_____

[7] Appellant also claimed that the court penalized Appellant for exercising his right to a jury trial and that his sentence represents an expression of "personal animus" towards Appellant. Our review of the record indicates, however, that Appellant did not raise these grounds for relief "with specificity and particularity" at sentencing or in his post-sentence motion as required by our Rules of Criminal Procedure. *See* Pa.R.Crim.P. 720(B)(1)(a). His failure to do so results in waiver of these claims. Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived"). *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (appellant waived discretionary aspects of sentencing claim by failing to challenge sentence with specificity and particularity in his post-sentence motion); *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (same).

Here, Appellant satisfied the first three elements by filing a timely Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a Rule 2119(f) Statement in his Brief to this Court. Thus, we consider whether Appellant has presented a substantial question for review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted). Further, an appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." *Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013) (citation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the

aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

[An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citations and quotation marks omitted).  As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation omitted).

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question.  *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013).  A specific claim that the court refused to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question.  *Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014).

Following our review, we conclude that the trial court's imposition of consecutive sentences did not raise Appellant's aggregate sentence of 19 to 38 years' incarceration to an excessive level given the frequency and nature of the crimes against his child-victim.  Thus, we find that Appellant's claim

that the trial court abused its discretion in imposing his sentences consecutively does not present a substantial question. Similarly, Appellant's claim that the trial court failed to consider mitigating factors as Appellant wished does not present a substantial question. Because Appellant has failed to raise a substantial question, we decline to review this challenge to the discretionary aspects of his sentence.

**Issue 3- Jury's Consideration of Conduct Occurring Outside Charged Timeframe**

Appellant next contends that the trial court erred by permitting the jury to consider evidence of his sexual abuse of the victim that took place outside of the timeframe specifically alleged in the criminal information, *i.e.*, September 1, 2000, through June 30, 2003, and June 1, 2006, through September 30, 2007. Appellant's Brief at 50-57.

As noted above, our Rules of Appellate Procedure require an appellant to support his claims of trial court error with references to the place in the record where the alleged error occurred and where Appellant preserved his claim of error. "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an

argument, the issue is waived. ***Sephakis v. Pa. State Police Bureau of Records and Id.***, 214 A.3d 680, 686-87 (Pa. Super. 2019).

Here, although Appellant claims that the trial court erred in permitting the jury to consider "proof at trial" that occurred outside of the specified timeframe, Appellant has not identified the "proof" or indicated whether or where he placed a contemporaneous objection to the admission of this "proof" on the record. Appellant's failure to include this information in his Brief violates the Rules of Appellant Procedure and has impeded our ability to conduct meaningful appellate review. To undertake review of Appellant's issues would require us to scour the record and craft an argument on his behalf, which we will not do. This issue, is therefore, waived.

**Issue 4- Evidentiary Challenge**

In his next issue, Appellant contends that the trial court abused its discretion by allowing the Commonwealth to "introduce[] testimony by two other victims of sexual assault [that Appellant] allegedly perpetrated" pursuant to Pa.R.E. 404(b)(2). Appellant's Brief at 57. He claims that the testimony was highly prejudicial as it "suggested that Appellant was a serial molester" and was of "minimal probative value" because neither of Appellant's other victims witnessed any of Appellant's assaults on the instant victim or possessed any physical evidence incriminating Appellant. ***Id.*** at 57, 63-65. He also asserts that the victims' testimony did not satisfy any of the exceptions provided in Rule 404(b), including the common scheme or plan exception relied on by the Commonwealth, primarily because "there is a significant

amount of elapsed time between the earlier crimes and the currently-prosecuted one." *Id.* at 63. He notes that "the prior alleged offenses occurred sometime between 1998 and 2002 and the prosecuted offense began in approximately 2000." *Id.* at 64. From this he concludes that, "[g]iven the ambiguity of both time frames, it simply becomes impossible to discern whether they really occurred during an overlapping time period." *Id.*

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Commonwealth v. Huggins***, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts "to prove a person's character" or demonstrate "that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Nevertheless, the Rule also provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Thus, under Rule 404(b) evidence of prior bad acts "is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to

commit crimes" but "may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Tyson*, 119 A.3d at 357-58 (citations omitted). Specifically, such evidence is admissible "if offered for a non-propensity purpose," such as a common plan. *Id.* Accordingly, "[w]hen offered for a legitimate purpose, evidence of prior crimes is admissible if probative value outweighs its potential for unfair prejudice." *Id.* The term "unfair prejudice" in Rule 404(b)(2) "means a tendency to suggest [a] decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007) (citation omitted). "[W]hen examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence," as "[j]urors are presumed to follow the trial court's instructions." *Tyson*, 119 A.3d at 360.

To establish one of the Rule 404(b) admissibility exceptions, there must be "a close factual nexus sufficient to demonstrate the connective relevance of the prior bad acts to the crime in question." *Commonwealth v. Sami*, 243 A.3d 991, 999 (Pa. Super. 2020) (citation and emphasis omitted).

Thus, in considering the common plan exception, "the trial court must first examine the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator. Relevant to such a finding will be the habits or patterns of action

or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator." ***Tyson***, 119 A.3d at 358-59 (citation omitted). Importantly, "[t]he common scheme exception does not require that the two scenarios be identical in every respect." ***Id.*** at 360 n.3 (emphasis omitted).

In explaining its decision to admit the testimony of Appellant's other victims, the trial court opined as follows:

> [T]hese witnesses accused [Appellant] of conduct similar to the conduct against the victim in this case. Both witnesses were also victimized as preteens or young teens after [Appellant] asked them to work for his business in the early 2000s.

Trial Ct. Op. at 11-12. The court concluded that these facts illustrated a "close factual nexus between the charged offenses" and the other victims' testimony. ***Id*** at 12. It further concluded that the probative value of the testimony outweighed any potential prejudice to Appellant and noted that any potential prejudice was mitigated by the limiting instruction it provided to the jury both at the time the victims testified and during the court's final charge to the jury.

Following our review, we conclude that the trial court did not abuse its discretion in permitting the Commonwealth to offer Appellant's other victims' testimony under the common plan or scheme exception set forth in Rule 404(b). Accordingly, Appellant is not entitled to relief on this claim.

## Issue 5- Statute of Limitations

Appellant next asserts, that his conviction of Unlawful Contact With a Minor is "improper" because the applicable two-year statute of limitations had

expired prior to the Commonwealth charging him. Appellant's Brief at 67-68. He contends that the trial court erred when it found that he had waived this issue by not raising it in his pretrial motion, arguing that Pa.R.Crim.P. 578 concerning pretrial motions does not specify that a defendant must raise a statute of limitations affirmative defense in a pretrial motion. *Id.* at 68. Last, he claims that the trial court lacked jurisdiction to sentence him for his Unlawful Contact With a Minor conviction because the statute of limitations had expired. *Id.*

Initially, we observe that an assertion that the statute of limitations has expired in a criminal case is waivable. *See Commonwealth v. Rossetti*, 863 A.2d 1185, 1190 (Pa. Super. 2004).

> In *Commonwealth v. Darush*, [] 459 A.2d 727, 730 n.4 (Pa. 1983), the Pennsylvania Supreme Court held that a statute of limitations claim is waived if not raised in a pretrial omnibus motion seeking dismissal of the charges. *Id.* In two decisions following *Darush*, this Court found statute of limitations claims to be waived when not raised at the first available opportunity and when raised after the imposition of sentence. *Commonwealth v. Groff*, [] 548 A.2d 1237, 1244-45 (Pa. Super. 1988); *Commonwealth v. Stover*, 372 Pa. Super. 35, 538 A.2d 1336, 1339 (1988). In *Stover*, we stated that a defendant had from the expiration date of the statute of limitations until the date of sentencing to raise the issue of statute of limitations[,] and that the failure to raise it in a timely fashion constituted a waiver of the claim. *Stover*, 538 A.2d at 1339. . . . **See also**[] *Commonwealth v. Morrow*, [] 682 A.2d 347, 349 (Pa. Super. 1996) (proper procedure for raising a statute of limitations claim is in an omnibus pretrial motion); *Commonwealth v. Vidmosko*, [] 574 A.2d 96, 97-98 (Pa. Super. 1990) (statute of limitations claim waived when not raised prior to trial); *Commonwealth v. Riley*, [] 479 A.2d 509, 515 (Pa. Super. 1984) (statute of limitations claim is waived when not raised pre-trial).

***Rossetti***, 863 A.2d at 1190. Thus, a defendant waives his statute of limitations defense if he fails to raise it before the date of his sentencing. ***See id.***; ***Stover***, 538 A.2d at 1339 (stating that the defendant "failed to raise the defense of the statute of limitations at any time in the trial court. Thus, we find the defense of the statute of limitations to have been waived[.]").

Here, Appellant did not raise a statute of limitations defense in a pretrial motion or at any time before sentencing; rather, he raised it for the first time in his Rule 1925(b) Statement. In light of the numerous cases stating that a statute of limitations defense must be raised in a pretrial motion, Appellant's claim regarding the inapplicability of Pa.R.Crim.P 578 does not entitle him to relief. ***See Groff***, 548 A.2d at 1244 (concluding that pursuant to Pa.R.Crim.P. 306 (now Rule 578), the defendant waived a challenge to the statute of limitations because he failed to raise the issue in a pretrial motion); ***see also*** Pa.R.Crim.P. 578, cmt. (providing the types of relief that are appropriate for omnibus pretrial motions under Rule 578 and stating that "rule is not intended to limit other types of motions, oral or written, made pretrial or during trial[.] The earliest feasible submissions and rulings on such motions are encouraged."); ***Darush***, 459 A.2d at 730 n.4; ***Rossetti***, 863 A.2d at 1190.

Finally, Appellant argues that the expiration of the statute of limitations removed the trial court's subject matter jurisdiction. Appellant's Brief at 68. This argument is legally invalid and, thus, merits no relief. ***See Commonwealth v. Lenart***, 242 A.2d 259, 262 (Pa. 1968) (stating that "the statute of limitations is not *per se* a bar to prosecution; it is an affirmative

defense which must be pleaded. Thus, if not pleaded, the prosecution machinery will grind."). Based upon the foregoing, Appellant waived his statute of limitations defense.

**Issue 6- Sufficiency of the Evidence**

In his final issue, Appellant, asserts generally that the Commonwealth presented insufficient evidence to support "a guilty verdict." Appellant's Brief at 68-71.

Our review of the record reveals that Appellant failed to raise a challenge to the sufficiency of the evidence in his Rule 1925(b) statement. Accordingly, it is waived. ***See Commonwealth v. Diamond***, 83 A.3d 119, 136 (Pa. 2013) (finding issues waived where appellant failed to include them in Rule 1925(b) statement); ***see also*** Pa.R.A.P. 1925(b)(4)(vii).

**B.**

In conclusion, none of Appellant's issues merit him relief. We, therefore, affirm his judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023